Benjamin A. G. Fuller *versus* Joseph B. Hodgdon.

It is no valid objection to a deposition, taken under the provisions of Rev. Stat. c. 133, that the *interrogatories* therein to the deponent were written by the party, or by his attorney.

Where a note secured by a mortgage has been indorsed by the payee, and the mortgage assigned ; and the indorsee, without indorsing the note, by an instrument in writing on the mortgage, conveys all his " right, title and interest in and to the within mortgage and the premises described therein, and also the mortgage note named therein," to the plaintiff; the assignor is a competent witness for the plaintiff, in an action upon the note.

To enable one to recover damages for a false representation, it is essential that there should be some proof, that he has been thereby injured.

It is the duty of a mortgagor in possession, who has conveyed with covenants of warranty, to pay the taxes and prevent a sale of the estate ; and if he acquires a tax title by means of a sale for the payment of such taxes, that enures to the benefit of the mortgagee.

Assumpsit on a promissory note, signed by the defendant,

dated May 14, 1836, for $61, payable to one Fiske or his order in three years from date with interest. The action was commenced March 7, 1843. The plaintiff proved the execution of the note and the indorsement thereof by Fiske, "without recourse," on Dec. 13, 1841.

At the trial, before REDINGTON, District Judge, the defendant offered certain depositions, and the plaintiff objected to the admission thereof, on the ground, that the justice before the depositions were taken had certified, that the answers therein were written by him, and had not certified by whom the interrogatories were written. The words were "gave the foregoing deposition which was reduced to writing by me excepting the interrogatories." The District Judge admitted the depositions.

The note was secured by a mortgage; and on Dec. 13, 1841, in the language of the exceptions "Fiske assigned all his right, title and interest in said note and mortgage to Nathaniel Treat, who on July 10, 1843, assigned the same to the plaintiff, the said Fiske indorsing said note, but no indorsement being made thereon by Treat." The defence set up was minority of the defendant at the time the note was given, that the note was void in its inception by reason of its having been obtained by Fiske by means of fraud, in this, " that Fiske at the time the note was given, represented to the defendant, that the deed he was giving (being the consideration of the note) was just as good as a warranty deed, it being a deed of quitclaim. Treat was offered by the plaintiff as a witness, and the defendant objected to his admission, on account of interest. The District Judge decided, that he was inadmissible on the ground of interest.

The facts on the other points sufficiently appear in the opinion. The verdict was for the defendant, and the jury found specially that the note was procured by fraud. The plaintiff filed exceptions.

*B. A. G. Fuller,* for the plaintiff, contended that the District Judge erred in excluding the testimony of Treat. He had no disqualifying interest in the event of this suit; nor even

a contingent interest. The witness must have an interest in the immediate event of the suit, or in the record for the purpose of evidence, to disqualify him. 2 Stark. Ev. 745, 782; 1 Str. 445; *Blake* v. *Irish*, 21 Maine R. 450; *Lewis* v. *Hodgdon*, 17 Maine R. 267; *Union Bank* v. *Knapp*, 3 Pick. 96; *Plympton* v. *Moore*, 13 Pick. 191; *Burrage* v. *Smith*, 16 Pick. 56; *Webb* v. *Wilshire*, 19 Maine R. 406; *Pillsbury* v. *Pillsbury*, 17 Maine R. 107. The single fact, that Treat might be more likely to avoid a suit by a verdict for the plaintiff, is not sufficient to render him incompetent as a witness. *Jones* v. *Huggeford*, 3 Metc. 515.

The tax deed should not have been admitted in evidence. The grantor should not be allowed to set up a title afterwards acquired in any case; but especially, the mortgagor in possession cannot set up a tax title, acquired under a sale for the payment of taxes during the time, against the mortgagee or his assignee. *Perkins* v. *Pitts,* 11 Mass. R. 130; 3 Bac. Abr. 635.

The counsel also contended, that the instruction in relation to the alleged infancy of the defendant was erroneous; but as there was no decision on these questions, the argument is omitted.

The ruling as to fraud is believed to be clearly erroneous The defendant has been in possession several years after he became of age, and has not been disturbed in the enjoyment of the premises; and has not attempted to show any adverse title, or incumbrance upon the premises. The title was perfect; and there has been no damage or deception. The quitclaim deed was as good as a deed of warranty.

*McCobb*, for the defendant, contended, that the special finding of the jury, that the note was procured by fraud, authorized the verdict. If the instructions on this matter were correct, the rest is immaterial. The plaintiff cannot be aggrieved by even an erroneous instruction or decision, which occasioned him no injury; and no new trial should be granted in such case. 21 Maine R. 517; 21 Wend. 360; 17 Maine R. 448; 22 Maine R. 395.

If the position above taken is sound, then it becomes immaterial whether the testimony of Treat was rightfully or wrongfully excluded, as it did not touch the question of fraud. But the witness was rightly excluded on the ground, that he had expressly or impliedly warranted to the plaintiff the title to the property in dispute. The rule is thus laid down. "Whether the liability arise from an express or implied legal obligation to indemnify, or to pay money upon the contingency of the suit, the witness is incompetent." 1 Greenl. Ev. § 393; 1 Stark. Ev. 37; 15 Johns. R. 240. He contended, that a warranty, that the note was recoverable, was implied by law; and cited *Abbott* v. *Mitchell*, 18 Maine R. 354; *Coolidge* v. *Brigham*, 1 Metc. 547; 15 Johns. R. 240; 16 Johns. R. 201; Chitty on Bills, (N. Y. Ed. 1830) 143, and cases cited in note 9.

The tax deed was admitted by the Judge, not for the purpose of affecting the title to the land, but only to explain certain acts of the defendant. It was a question of intention merely.

The instructions and rulings on the subject of ratification of contracts of infants, after they become of age, were strictly correct and legal, and well sustained by authority. Authorities were cited in support of this position.

The opinion of the Court was drawn up by

SHEPLEY J. — The first question presented by the bill of exceptions is, whether the depositions of Mary Pratt, John Hitchborn and Lucy Hodgdon, were properly admitted. The objection is, that the statute, c. 133, § 17, requires, that the certificate of the magistrate should state " by whom the deposition was written;" and his certificates, annexed to those depositions, state, that they were " reduced to writing by me excepting the interrogatories."

The fifteenth section of the statute provides, that the deponent, after being sworn, shall be examined " first by the party producing him, on verbal or written interrogatories; and

then by the adverse party, and by the justice or the parties afterwards, if they see cause."

The word deposition, in common parlance and in some clauses of the statute, is often used to designate the document containing the interrogatories, answers, and certificate of the magistrate; while in other sections, it is more appropriately used to designate the narrative of the witness, made under the sanction of an oath, and reduced to writing. Such an interpretation of it, as used in the seventeenth section, as would deprive the parties of the right to examine the witness upon written interrogatories, framed by themselves, would deprive them of rights secured to them by the fifteenth section. These depositions were properly admitted.

The next question presented is, whether the deposition of Nathaniel Treat was properly excluded. It appears to have been excluded on the ground, that the deponent was interested in the event of the suit. The promissory note in suit had been indorsed to him with others, after it had become payable and without recourse, and the mortgage made to secure the notes, had been assigned to him. By an instrument in writing on the back of the mortgage he had, without indorsing the notes, conveyed all his " right, title, and interest, in and to the within mortgage, and the premises described therein and also the mortgage notes named therein" to the plaintiff. It is not necessary to consider, whether, on a sale of the notes without any contract in writing, Treat would have been liable to the plaintiff upon an implied warranty, if he had failed to recover them on account of a plea of infancy made by the defendant. For any such implied contract in this case is excluded by the written one. The plaintiff, if he should thus fail to recover, could not call upon Treat for damages upon any indorsement or implied warranty. He had made none. The law implied none. The plaintiff's only claim must arise out of the written contract, by which Treat had sold and conveyed the notes and mortgage to him. That is only a conveyance of his right, title and interest in and to them, whatever it might be, without any covenant, stipulation, or aver-

ment, respecting their validity. If Treat and the plaintiff had been fully informed of the facts respecting the sale and conveyance of the land by Fiske to the defendant, and of his infancy, when he made the notes and mortgage, and of his subsequent proceedings, and had agreed, the one to purchase and the other to sell only the title, which Treat might have, the assignment or conveyance of them, which was made to the plaintiff, would have been entirely appropriate. Whether they were thus informed or not, their rights must depend upon their written contract. That does not oblige Treat to make good any loss, which the plaintiff may suffer by failing to recover the amount of the notes. He could have no interest in the event of the suit, and his deposition should have been admitted.

The counsel for the defendant insists, that the plaintiff would not be entitled to a new trial on that account, because the jury found on another branch of the defence, that the note was obtained by a misrepresentation respecting the character of the deed, by which Fiske conveyed the land to the defendant. The case states the testimony in relation to this subject to have been, that Fiske represented to the defendant "that the deed he was giving was just as good as a warranty deed;" that it was a quitclaim deed; that there was no evidence, that the defendant had been disturbed, or that any adverse claim to the premises had been made by any one. It does not appear, that there was any testimony in the case tending to prove, that the title conveyed by Fiske to the defendant was not a perfect title, or that the defendant had suffered, or could suffer the least loss or injury by reason of the assertion, that a quitclaim deed of the land was as good as a deed with covenants of warranty. To enable one to recover damages for a false representation, it is essential, that there should be some proof, that he has been thereby injured. The testimony presented in this case respecting the deed, and the representations of Fiske in relation to it, would not constitute any valid defence to any portion of the note.

The privileges and duties of infants were stated in the case

of *Boody* v. *McKenney*, 23 Maine R. 517. But as the testimony may be different on a new trial of this case, it will be of little use to attempt to apply those rules to the testimony as now presented.

It may be useful to observe, that the Court has decided, in the case of *Gardiner* v. *Gerrish*, 23 Maine R. 46, that it is the duty of a mortgagor in possession, who has conveyed with covenants of warranty, to pay the taxes and prevent a sale of the estate ; and that if he acquires a tax title, that enures to the benefit of the mortgagee.

> *The exceptions are sustained*
> *and a new trial is granted.*