(*) Reed *versus* Pierce.

Of the covenant of freedom from incumbrances, in a conveyance of land, an outstanding, unpaid mortgage constitutes a breach.

For such a breach, a right of action immediately accrues. In such an action, if the plaintiff had extinguished the mortgage, the measure of damage would be the sum rightfully paid thereon; if he had not extinguished it, the damage would be but nominal.

In either case, the damage being thus ascertainable, the plaintiff's claim, if previously existing, would have been proveable in the court of bankruptcy, on the defendant's application there for a discharge from his debts.

The plaintiff's preëxisting claim *upon such a covenant* would therefore be barred by a discharge in bankruptcy of the covenantor.

Upon a conveyance of land, it is in contingency whether a paramount title will ever be established or set up, and the covenant of warranty against the lawful claims of all persons is not broken until eviction by paramount title.

Until such eviction, therefore, no right of action arises upon such a covenant.

In the proceedings of a court of bankruptcy, upon the covenantor's application for a discharge, the claim of the covenantee upon such a covenant was not proveable, unless a rightful eviction had previously occurred.

To a claim founded upon such a covenant, and proved by an eviction which occurred subsequently to the proceedings in bankruptcy, the discharge in bankruptcy is no defence.

On Report from *Nisi Prius*, Tenney, J., presiding.

Covenant Broken.

In 1833, the defendant mortgaged a lot of land to Thornton M'Gaw, to secure the payment of $2400, by installments, the last pay-day being in 1836. Notwithstanding the mortgage, the defendant, in 1835, conveyed the same land to the plaintiff, with covenant that it was free from all incumbrances, and that he would warrant and defend the same against the lawful claims and demands of all persons. The plaintiff entered upon the land under his deed and held quiet possession until 1851, when the mortgagee entered and took possession for condition broken. The amount then due upon the mortgage was $1169,86, which the plaintiff paid to discharge the same. This action is brought upon both the above recited covenants.

As a bar to the suit the defendant introduced his discharge in bankruptcy, dated in 1842, together with the schedule A, of his indebtedness, as used in the court of bankruptcy, which embraced among other demands, "several notes of Thornton McGaw, $800."

The case was submitted to the Court, with power to assess the damage, if the decision should be against the defendant.

*Cutting*, for the plaintiff.

1. The plaintiff is entitled to recover upon the covenant of freedom from incumbrances. The plaintiff took possession at the date of his deed, and continued in possession until long

after the defendant's discharge was given. Though he might, at any time have maintained suit for the breach of *that* covenant, yet so long as he had not been obliged to pay the mortgage, he was entitled to no more than nominal damage; and in the court of bankruptcy could have proved no more. Nor could it then appear that his claim would have ever been more, inasmuch as the defendant might pay the notes and thus extinguish the mortgage.

The defendant cannot then invoke to his aid the 5th section of the Bankrupt Act, for, at the time he received his discharge under that Act, the plaintiff was not a creditor. It was not a debt due and payable at a future day. Consequently it was not proveable under said Act. The relation of debtor and creditor did not exist, except for a nominal amount, and that upon a technical principle of law.

I then confidently rely upon the determination of this Court, in *Dole* v. *Warren*, 32 Maine, 94, wherein the Court say, " the facts reported in the case, bring it within the principle of *Woodman* v. *Herbert*, 24 Maine, 358;" *Ellis* v. *Ham*, 28 Maine, 385.

When the defendant filed his petition to be decreed a bankrupt, and when he was decreed to be such, the plaintiff's claim was one which might by possibility exist at a future time, but it was so uncertain, that it could not have been proved as a claim against the bankrupt's estate, and was not discharged by his certificate.

2. The plaintiff is entitled to recover upon the covenant for quiet enjoyment. Upon this covenant there was manifestly no breach until the eviction by McGaw, which was long after the defendant obtained his discharge.

No action, therefore, could have been maintained upon this covenant until after that time. That covenant extended to all future time, and was broken *only* when the plaintiff was ejected. *Mechanic's Bank* v. *Capron*, 15 Johns. 467, and cases cited in the note; *Buel* v. *Gordon*, 6 Johns. 126; *McDonald* v. *Bovington*, 4 T. R. 825; 2 Dall. 236.

*Knowles,* for the defendant.

The covenant against incumbrances was broken as soon as given. The plaintiff had *then* a right of action, and the measure of damages was as certain then as at any time since, being within the control of the plaintiff. *Bean* v. *Mayo,* 5 Maine, 94.

The defendant contends, that this claim is barred by his certificate of discharge in bankruptcy.

The Bankrupt Act provides, that such discharge and certificate, when duly granted, shall, in all Courts of Justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which are proveable under the Act, and shall be and may be pleaded as a full and complete bar to all suits, &c. Bankrupt Act, § 4.

The *fifth* section of the Bankrupt Act further provides, that all " creditors whose debts are not due and payable until a future day, or other persons having *uncertain* or *contingent demands* against such bankrupt, shall be permitted to come in and prove the same."

This claim then was proveable in bankruptcy, and the defendant's certificate of discharge is a bar to this suit. § 5 ; *Murray* v. *DeRottenham,* 6 Johns. Ch. 61 ; Smith's Leading Cases, 686. It was a claim which the plaintiff could enforce, and which the defendant was bound to meet *at some time,* though upon a contingency, and it was capable of a reasonable, equitable and even mathematical estimation.

If this action had been commenced without the plaintiff's having paid the incumbrance, the question would have been the same as now ; the payment by the plaintiff does not go to the cause of action ; nor is the cause of action at all dependent upon that payment, which could only affect the amount of damages. The action might be maintained as well without the payment as with. It is the breach of the covenant, that is the cause of action, and not the payment of the incumbrance.

The case is not like that of a surety upon a bond or note, where there is no liability or cause of action till after pay-

ment.   Here  was a direct  contract  between the plaintiff and
defendant, an  engagement  by deed,  by which  the defendant
engaged to pay  an amount certain  to clear the premises.   He
failed to fulfil,  and  the plaintiff  had  his claim for the failure.

The plaintiff  surely had a " *claim*," and whether certain or
contingent, the  law provided,  that  it might be proved.   It
was one or the other.   The defendant had made an " *engage-
ment*," which is  the term the  law applies, and from which it
provides his certificate shall be a discharge.

In  *Woodard* v. *Herbert*, 24 Maine, 358, the Court say,
"contingent demands are those which were in existence as
such, and in such a condition that their value could be estimat-
ed at  the  time  when  the  party was  decreed  to be a bank-
rupt ;" and  further,  that  " it  is  necessary  to  distinguish be-
tween a contingent demand  and a mere contingency whether
there ever will be a demand."

If there can be said  to be any contingency about the plain-
tiff's claim,  it is  certain, that  neither of these  conditions ap-
ply to it.   The defendant  had  done  all  he  ever could do to
fix his liability by having broken his covenant.  He was liable,
and the  demand  or claim  of the  plaintiff stood against him ;
the  amount was  fixed and  certain,  and there was no contin-
gency whether there ever  would be a demand.   The demand
was proveable, and  the only  contingency remained  with the
plaintiff as to the  way, and manner, and time  in which he
would  proceed  to  enforce  his claim.   The cases of  *Ellis*  v.
*Ham*, 28 Maine, 385,  and  *Dole* v. *Warren*, 32 Maine, 94,
are put upon the same  principle as  *Woodard* v. *Herbert*, that
no debt or  obligation existed  between the  parties capable of
estimation ; that in each of those cases  there only existed the
contingency,  that  there might  be  a  claim  in future, which
mere possibility could  not  be  estimated.   *Dusar* v. *Murga-
troyd*,  1  Wash. C. C. 13 ;  *Marks & al.* v. *Barker & al.*  1
Wash. C. C.  178 ;  *Murray* v. *DeRottenham*,  6  Johns. Ch.
61 ;  *Woodard* v. *Herbert*, 24 Maine, 358.

APPLETON, J. — The  defendant  conveyed  to the  plaintiff
by deed  of warranty, premises, which at the  time  were sub-

Reed v. Pierce.

ject to mortgage, and has since received his discharge in bankruptcy. At the time of his application and discharge, the notes secured by mortgage were outstanding and no entry had been made by the mortgagee for the purpose of foreclosure. Subsequently the mortgage was foreclosed and the plaintiff was evicted by the paramount title of the mortgagee. This suit is brought on the several covenants of the defendant's deed, in bar to the maintenance of which the defendant has pleaded his discharge.

The covenant against incumbrances was broken at the time of the conveyance. The damages to which the plaintiff was entitled were readily ascertainable. If he had paid the mortgage notes, the sum paid would have been the measure of damages. If the incumbrances had not been removed and there had been no action on the part of the mortgagee to enforce his mortgage, the plaintiff's damages would have been nominal. To this covenant, as it was broken before the defendant's bankruptcy, and as the plaintiff might have proved his claim for its breach, the discharge is a bar.

The several covenants in a deed of warranty are distinct; their breach arises at different times; is established by proof of different facts, and damages therefor may be enforced by different suits and recompensed by different rules of assessment. It is obvious then that what may be a discharge of one is not necessarily that of another and distinct covenant.

The breach of the other covenants was long after the discharge in bankruptcy. So far as the claims now in suit could have been proved and the plaintiff have received his dividends upon their proof, the discharge is a bar, and no farther.

The defendant, to show that they might have been proved, relies on the sixth section of the Bankrupt Act, by which persons having uncertain and contingent demands are permitted to come in and prove such debts or claims.

The meaning of the phrase contingent demand, and the corresponding expression in the English bankrupt law, debt payable upon a contingency, has been definitively settled by repeated adjudications in this and in other States, as well as by

the English Courts. In *Woodard* v. *Herbert*, 24 Maine, 360, the distinction between a contingent demand and a contingency whether there ever would be a demand, was recognized and adopted. " The contingent or uncertain demands provided for," says SHEPLEY, J., " in the Act of Congress, are the contingent demands, which were in existence as such, and in a condition, that their value could be estimated at the time when the party was decreed a bankrupt." The same construction was reäffirmed in *Ellis* v. *Ham*, 28 Maine, 385, and in *Dole* v. *Warren*, 32 Maine, 94. In *Goss* v. *Gibson*, 8 Humph. 199, it was held that a discharge in bankruptcy would not relieve one surety from the claim of another surety who had paid money for the principal after the decree. "At the time these defendants were declared bankrupts," says GREEN, J., "the complainant had no debt or demand against them. The complainant had no demand that could be proved at the time the defendants were declared bankrupts. The possibility of the demand that now exists was incapable of valuation." It was decided in *Cake* v. *Lewis*, 8 Barr. 493, that the liability of a principal to his guarantee was not discharged by bankruptcy. In *Boorman* v. *Nash*, 9 B. & C. 145, the defendant, who had contracted for a certain quantity of oil to be delivered to him at a future day at a certain price, became bankrupt before the day arrived and obtained his certificate. " The right of the plaintiff," says Lord TENTERDEN, " to maintain this action, depends upon the question whether he could or could not have proved his demand under the commission of bankrupt issued against the defendant. It appears to us impossible that he should so prove it ; for at the time when the commission issued, it was uncertain not only what amount of damage, but whether any damage would be sustained." A similar decision was made in *Woolley* v. *Smith*, 54 E. C. L. 610.

In *Thompson* v. *Thompson*, 2 Scott, 266, it was decided that the installments of an annuity, for the payment of which a surety expressly covenanted in default of the grantor, are not proveable under a *fiat* against the surety, when such install-

ments do not become due until after the bankruptcy of the surety. "Before the days of payment arrive," said TINDAL, C. J., in delivering his opinion, " these installments are not only no debt, but can never become a debt from the surety, except in the event that the grantor of the annuity shall make default in such payments. The value of such a contingency it is impossible to calculate. *Exparte Davis*, 1 Dia. 115; *Toppan* v. *Field*, 4 Ad. & El. N. S. 387; *Henlen* v. *Adaman*, 2 Man., Gran. & Scott, 369.

In the *South Staffordshire Railway Co.* v. *Burnside*, 2 Eng. Law & Eq. 418, the holder of shares in a corporation, who became bankrupt, and received his certificate, was held not to be discharged from his liability for subsequent calls.

In *Hankin* v. *Bennett*, 14 Eng. Law & Eq. 403, the defendant executed a bond, whereby he became liable as surety to pay the plaintiff such costs as the plaintiff should in due course of law be liable to pay in case a verdict should pass for certain defendants in an action of *scire facias*, in which the now plaintiff sued as a nominal party. " We think, however," says MARTIN, B. " this liability was not a debt at all within the meaning of the section. It was a contract to indemnify a nominal plaintiff whose name was used by a third person, against such costs as the plaintiff would become liable to pay if the defendants should obtain judgment in their favor. It seems to us impossible to consider that this is a debt. It is a contingent liability, but not a contingent debt."

The plaintiff could not have proved any claim for breach of the covenant, that the defendant would warrant and defend the premises against the lawful claims and demands of all persons, for it had not been broken. Whether there were any such claims and demands outstanding, and whether they embraced the whole or a part of the premises conveyed, was uncertain. If any such existed, their enforcement was dependent on the will of those having such claims. The plaintiff could not have presented any present claim or existing demand. The possibility that one might arise, is not enough. In all sales of personal property the title of the vendee may

Reed *v.* Pierce.

be defeated by adverse and superior rights. In such sales there may be a breach of the implied warranty of title by subsequent eviction. The vendee of real or personal property, in the undisturbed enjoyment of his purchase and without any breach of the covenants, express or implied, of his vendor, can hardly be considered as having a contingent claim, because of the possibility that some unknown claimant may at some indefinitely remote period of time interpose a superior title, by means of which he may be deprived of the property purchased. If the unbroken covenants of a deed, or the possible breach of the implied warranty of title in sales of personal property, were to be deemed claims within the statute, then every grantee or vendee might present his claim before the commissioner, and the estate of the bankrupt would remain unadjusted till all possibility of a breach should be barred by the statute of limitations, for it could not before such time be known that they might not arise. Such a position would be entirely at variance with the provision of § 10, which requires that all proceedings in bankruptcy shall be brought to a close within two years after the decree declaring the bankruptcy, if practicable, for it would lead to an indefinite postponement of the settlement of estates. It was adjudged in *Bennett* v. *Bartlett,* 6 Cush. 225, in relation to personal property, that a discharge in bankrupcy was no bar to the creditor's right of action against the debtor, on the implied warranty of title, when the breach occurred after such discharge. The reasoning of the Court in that case is equally applicable to the case at bar.

The result is, that the discharge affords no defence, except as to the covenant against incumbrances, which alone could have been proved.                    *Defendant defaulted.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.