KEZER *v.* CLIFFORD.

A mortgagor in possession cannot defeat or avoid the mortgage by acquiring a tax title of the mortgaged premises.

A discharge of a mortgageor in bankruptcy is not a payment of the mortgage debt nor a discharge of the mortgage; nor does it release the mortgageor from the estoppel of the mortgage covenants.

WRIT OF ENTRY, to foreclose a mortgage upon a tract of land in Wentworth.   The defendant mortgaged the premises to the plaintiff by his deed dated September 26, 1870, containing the usual covenants of warranty against all persons claiming under the defendant, to secure a note of the same date for $1500, payable on demand, with interest.   Plea, the general issue, with a brief statement that the mortgaged premises were legally assessed to the defendant in the year 1874, by the assessors of Wentworth; that the defendant neglected and refused to pay the taxes; that because of the non-payment of the taxes the premises were duly advertised and sold May 20, 1875, to one John A. Davis; that the premises, not having been redeemed from the sale, were conveyed by the collector to Davis, May 22, 1876; that the defendant, February 12, 1875, filed his petition in the district court of the United States for the district of New Hampshire, and was adjudged bankrupt, and March 5, 1878, received a discharge from all his debts and claims provable in bankruptcy; that afterwards, to wit, September

12, 1878, he purchased of Davis his interest in the mortgaged premises, and on the same day received from him a quitclaim deed of the same; and that the defendant is in possession claiming title under his deed from Davis. The plaintiff moved to reject the brief statement, which was granted, and the defendant excepted. Trial by the court, and verdict for the plaintiff.

*Blair & Burleigh,* for the plaintiff.

*Burrows & Jewell* and *S. B. Page,* for the defendant.

CLARK, J. The brief statement disclosed no defence, and was properly rejected. *Pallet* v. *Sargent,* 36 N. H. 496. Upon the facts proved, the defendant cannot set up the tax title to defeat the plaintiff's mortgage. The relation of mortgageor and mortgagee is such that a mortgageor in possession cannot acquire, as against the mortgagee, an indefeasible tax title of the mortgaged property. Cooley Taxation 345; Jones on Mort., *s.* 680. The mortgage contained the usual covenants of warranty, and any tax title subsequently acquired by the mortgageor enured to the mortgagee. *Gardiner* v. *Gerrish,* 23 Me. 46; *Fuller* v. *Hodgdon,* 25 Me. 243. The mortgage debt was not paid, nor was the mortgage discharged by the discharge of the defendant in bankruptcy. Although he was thereby relieved from personal liability for the debt, and for damages for breach of his contracts generally, which could have been proved against his estate in bankruptcy, he was not freed from the estoppel of the mortgage covenants. Covenants are contracts, but they operate by way of estoppel as well as by way of contract; and the discharge of the bankrupt from personal liability for damages for breach of the contract does not release him from the estoppel which does not depend upon personal liability for damages. The debt is regarded as subsisting, so far as it is necessary to uphold the mortgage. The defendant cannot redeem the premises without paying the full amount of the mortgage debt, notwithstanding his discharge. Jones on Mort., *s.* 1073. He is liable for any breach of the covenants in the mortgage arising subsequent to his discharge. *Bennett* v. *Bartlett,* 6 Cush. 225; *French* v. *Morse,* 2 Gray 111; *Reed* v. *Pierce,* 36 Me. 455. And the tax title acquired by him passed to the plaintiff by way of estoppel, by force of the warranty, as if the discharge in bankruptcy had not been granted. *Chamberlain* v. *Meeder,* 16 N. H. 381; Bump on Bankruptcy, 8th ed., 743; *Bush* v. *Person,* 18 How. 82.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.