## ELI GOODRICH *vs.* CHARLES G. KIMBERLY AND ANOTHER.

A person who was part owner of a second mortgage and owner of the equity of redemption, purchased the property at a tax sale. Held that he acquired no title by the purchase superior to that of the first mortgage.

A party thus interested, in bidding the property in at a tax sale, is merely paying the tax and not acquiring a new title.

This rule of law is not affected by the act of 1877, (Session Laws of 1877, p. 152,) which requires tax collectors, before selling mortgaged property for taxes, to give notice to the mortgagees.

BILL for a foreclosure, brought to the Court of Common Pleas of New Haven County. Cross-bill filed, and case heard before *Cowell, J.* Decree for petitioner and motion in error by respondents. The case is sufficiently stated in the opinion.

*L. Harrison* and *E. Zacher*, for plaintiffs in error.

*L. E. Munson*, for defendant in error.

BEARDSLEY, J. The finding in this case shows that Hobson, the mortgagee of the premises in question, on the 25th day of March, 1869, assigned the note for the security of which the mortgage in question was given to the petitioner. Upon familiar principles the assignment of the note carried the mortgage security with it as an incident. The formal transfer of the legal title to the mortgaged premises to the petitioner, which was not made until the 25th day of April, 1879, (the mortgage not having in the mean time been released,) did not, of course, impair the petitioner's prior right to the mortgage security, and is therefore immaterial. The respondent Edward M. Kimberly, by his warranty deed from Charles G. Kimberly of the 28th of April, 1879, took such title as the latter then had, and the only question is, was that title superior to the petitioner's rights under the mortgage.

When Charles G. Kimberly bought the property at the auction sale by the tax-collector on the 14th of March, 1878, he with his partner, Scranton, were second mortgagees of the property by virtue of Dawson's mortgage deed to them of May 17th, 1871, and he was also owner of the equity of redemption by virtue of Dawson's deed to him of January 28th, 1878, both said mortgage deed and conveyance of the equity of redemption being made in terms subject to the mortgage to Hobson, and Kimberly was also in possession of the premises by his tenant Dawson. That a person standing in such a relation to property could acquire no title to it as against a prior mortgagee by a purchase at a sale for taxes, was explicitly decided by this court in the recent case of *Middletown Savings Bank* v. *Bacharach*, 46 Conn. R., p. 513.

It is claimed, however, by the respondents, that the common law as enunciated in that case has been changed in this state by a statute requiring tax collectors to give notice to mortgagees before selling property subject to incumbrances. Acts of 1877, p. 152.

By the law as it stood until that statute was enacted no provision was made for notice to mortgagees of the sale of property for taxes except that which was to be given by

posting a notice of the sale upon the public sign-post and publishing it in the local newspaper. It is quite obvious that such notice might not reach mortgagees, especially those who lived at a distance, who might consequently be subjected to the loss of their security without any default on their part. It was to remedy this serious defect in the then existing law that this statute of 1877 was enacted. If the legislature had intended to qualify the owner of the equity of redemption to acquire, by purchase at a sale for taxes, a title to property which should divest the rights of mortgagees, that intent would certainly have been expressed in very different language from that of this statute.

There is no error in the judgment complained of.

In this opinion the other judges concurred.