### DREW *v.* MORRILL.

62   565
67   393

A mortgagor in possession cannot defeat the mortgage by acquiring a tax title of the mortgaged premises; and a tax deed taken by the wife of a mortgagor at his request, and held for his benefit, is invalid as against the mortgagee.

TRESPASS, *qu. cl.*, for breaking and entering upon a tract of land in Concord.   The plaintiff's title was derived from a sale of the land for the taxes for the year 1876, assessed thereon against her husband, who was then in possession of the premises under a deed from the defendant to him dated July 10, 1873.   The entry of the defendant complained of was under a mortgage of the same date from the plaintiff's husband given to secure the purchase-money for the premises.   The court found that the land was conveyed to and the tax deed taken by the plaintiff, at the request of her husband, and held by her for his benefit; and that the plaintiff and her husband understood that she would take a conveyance of the land in that way at the time of its sale for taxes, and that she took the conveyance acting on that understanding.   It was therefore found that the plaintiff could not recover on her title against the defendant, and the plaintiff excepted.

*Ray & Walker,* for the plaintiff.

*J. Y. Mugridge* and *E. H. Woodman,* for the defendant.

CLARK, J. It is the duty of a mortgagor remaining in possession of the land to pay the taxes assessed upon it; and a purchase made by one whose duty it was to pay the tax operates as payment only, and confers no title as against the party to whom he owed the duty of payment. By the purchase of the tax title at the request and for the benefit of her husband, the mortgagor, the plaintiff acquired no title as against the defendant, the mortgagee. *Kezer* v. *Clifford,* 59 N. H. 208.

*Exceptions overruled.*

ALLEN, J., did not sit; the others concurred.