T. J. MOORE v. A. H. GRAVES AND EMMA GRAVES, Defendants, JOSHUA CARMEAN AND ELIZABETH CARMEAN, Appellants.

**Reformation.** A deed by which the grantee assumes to pay a specific mortgage will not be reformed on the ground of mutual mistake, so as to provide for the assumption of a second mortgage, the existence of which was unknown to the grantee and forgotten by the grantor at the time the deed was made.

SAME. Where a grantee assumes a mortgage securing a stated debt, the assumption cannot be construed to embrace another and distinct mortgage which was, in fact, given to secure commissions due for negotiating the loan secured by the assumed mortgage.

COVENANT OF WARRANTY: DOWER INTEREST. The owner of a dower interest in land does not become personally liable under Iowa Code, section 1937, by joining with her husband in a covenant of warranty, unless it is expressly stated in the deed that she intends to bind herself thereby.

**Practice Supreme Court.** That an amendment to plaintiff's petition was not signed by him or his attorney cannot be first objected to on appeal.

*Appeal from Decatur District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, JANUARY 25, 1896.

ACTION for damages arising from a breach of warranty in a deed. Decree for plaintiff, and defendants Carmean appeal.—*Affirmed.*

*Marion F. Stookey* for appellants.

*E. W. Curry* and *C. W. Hoffman* for appellee.

KINNE, J.—I. Plaintiff purchased certain real estate of the defendants Graves, the title thereto being conveyed to him by a warranty deed in the usual form, and which contained the following provision: "This deed is made and delivered subject to a trust deed on the above described land to secure a debt of twenty-eight hundred dollars, which the party of the second part assumes and is to pay off." Long after the execution of this deed, and after plaintiff went into possession under it, plaintiff discovered that there was another mortgage upon the land for the sum of two hundred and eighty dollars, most of which was unpaid. When the balance of the sum secured by said second mortgage became due, plaintiff was compelled to and did pay the same to prevent a foreclosure of said mortgage. For the sum so paid, and interest, plaintiff seeks to recover in this action. The defendants Graves admit the execution of the deed, and aver that Emma Graves had no interest in the land so conveyed, except a dower interest therein, and that they received a conveyance of said land from the defendants Carmean by warranty deed, containing the same provision as was contained in their deed to plaintiff, and they ask that, in case it be found that there is a breach of the warranty of the deed given by them to the plaintiff, it may also be found that there was a breach of warranty in the deed from the Carmeans to them, and that plaintiff be first required to exhaust the property of defendants Carmean. They also aver that there has been no breach of warranty, because, as is alleged, plaintiff agreed to take said premises subject to both mortgages; that by a clerical error the following words were omitted in the deed from them to plaintiffs: "And the said mortgage draws eight per cent. interest, two per cent. of which is represented by commission mortgage of two hundred and

eighty dollars;" that, as written, and in the absence of these words, the deed did not express the real contract between the parties. They pray for a reformation of the deed accordingly. Plaintiff, replying to the answer and cross bill of the defendants Graves, admits the purchase of the land and the assumption of the two thousand eight hundred dollar mortgage, admits that defendants Carmean and wife deeded the land to Graves, and denies all other allegations. Carmean and wife filed an answer and cross bill admitting the execution and delivery of their deed to Graves, and that there was a mortgage on the land, that Elizabeth Carmean had no interest in the land, except a dower interest; and, in a cross bill, aver substantially the same facts touching their deed to Graves as Graves and wife plead as to their deed to plaintiff. They also ask for a reformation of their deed, so as to express the real intent and agreement of the parties. Certain other pleadings were filed which need not be more fully noticed. The district court, at the conclusion of the trial, entered a decree in favor of plaintiff, and against all of the defendants, for the amount paid by plaintiff to discharge the second mortgage, and directed that, in satisfying said judgment, the property of Carmean and wife be first exhausted. The defendants Carmean and wife, only, appeal.

II. It is first contended that, by the terms of the deeds as originally drawn, the grantees, in fact, assumed and agreed to pay, not only the two thousand eight hundred dollar mortgage, but also the two hundred and eighty dollar mortgage. The clause relied upon reads: "This deed is made and delivered subject to the trust deed on the above-described land to secure the debt of two thousand eight hundred dollars, which the party of the second part assumes and is to pay off." Now, by this provision, the amount the grantee was to pay was fixed. It was a certain

trust deed which secured the debt of two thousand eight hundred dollars. Surely, that cannot be held to embrace another and distinct trust deed or mortgage for two hundred and eighty dollars. The latter is in no way referred to in the agreement, and forms no part of the contract, so far as it appears from the written provision in the deeds.

III. It is said that if, by the terms of the deeds, the grantees did not assume and agree to pay this two hundred and eighty dollar mortgage, then the evidence is sufficient to justify a decree reforming the deeds in accordance with what appellant claims was the real contract of the parties. We do not think the evidence was such as to warrant a reformation of the deeds. We cannot enter into an elaborate discussion of it. It does, however, appear, without conflict, that at the time Carmean and wife executed and delivered their deed to Graves, and at the time Graves and wife executed and delivered their deed to plaintiff, the grantors in said deeds did not know of the existence of this two hundred and eighty dollar mortgage. Such being the fact, there is no basis for the claim that the provision for the assumption and payment of this two hundred and eighty dollar mortgage was omitted from the deeds by oversight or mistake; for, if the parties, when they made the conveyances, were not cognizant of the fact that such a mortgage was in existence, it is impossible that they should have omitted to mention it by reason of oversight or mistake. Not knowing of it, it was not a subject of consideration between the parties. As to it, therefore, there was and could have been no oversight or mistake; hence there is no case made for reformation. It is true that Carmean, who made both these mortgages, must have known of their existence then; but the fact of the existence of this two hundred and eighty dollar mortgage seems to have passed

from his memory before he and his wife executed the deed to Graves.

IV. It is said that the court has no jurisdiction to render a judgment against the Carmeans because the amendment to the plaintiff's petition was not signed by plaintiff or his attorney. We do not understand that this question was raised below, and it is now too late, after trying the case in the district court as if a proper pleading had been filed, to question it for the first time in this court.

V. Claim is made that the court erred in entering a decree against Elizabeth Carmean for the sum found due plaintiff, as she simply had a dower interest in the land conveyed. We do not understand upon what theory this action of the court was taken. That Joshua Carmean held the legal title to this land, when it was conveyed, in 1891, does not seem to be a matter of dispute. Such being the case, and although the deed, which was signed by both him and his wife, contained covenants of warranty, in which both joined, still it was not expressly stated in the deed that the wife intended thereby to bind herself by such covenants. Our statute provides: "In cases where either the husband or wife joins in a conveyance of real property owned by the other, the husband or wife so joining shall not be bound by the covenants of such conveyance, unless it is expressly so stated on the face thereof." Code section 1937. It would seem, therefore, that the decree should not have embraced Elizabeth Carmean. Other questions are discussed by counsel, but we do not deem it necessary to give them separate consideration. We have examined all of the points urged and are content with the holding of the district court, except as to Elizabeth Carmean. It is therefore ordered that, as to Elizabeth Carmean, *the decree below be set aside*, and, as thus *modified*, the decree of the district court is AFFIRMED.