BLUMENTHAL BROTHERS AND COMPANY *et al.,* Appellees, v.
HOWARD F. CULVER *et al.,* Appellants.

**Mortgage by Co-Tenants:** TAX SALE: *Construed redemption as to mortgage.* A co-tenant and his wife mortgaged his undivided interest in certain land in 1893. The entire tract had been sold for the 1890 taxes to a third party, and afterwards in 1894, an assignee of one of the original co-tenants purchased the tax certificate, but sold the certificate to S. In 1895 a tax deed issued to the original purchaser at the tax sale, who immediately quitclaimed to S. Later S. signed a declaration in trust reciting that he held as trustee of the original owner of the land and their assignees, and afterwards quitclaimed to the mortgagor's son as trustee. Prior to the execution of the declaration of trust, either the mortgagor or his wife paid S. the amount expended by him in securing the tax certificate, and the beneficial owners under the declaration of trust paid their proportion of the taxes. *Held,* that the purchase of the tax certificate by the assignee of the original co-tenant amounted, in effect, to a mere redemption of the property from the tax sale, in which the original owners and their assignees afterwards participated, and therefore did not extinguish the mortgage.

TENDER OF TAXES BY MORTGAGE. The mortgagees were not obliged to tender anything because of taxes paid, under the facts recited.

RIGHT OF MORTGAGEE TO QUESTION TAX TITLE. The mortgagees had sufficient title to question the tax deed where nothing else interfered with their right of foreclosure.

**Review on Appeal:** OBJECTION BELOW: *Attack of tax title.* Objections that the mortgagees failed to show title to the property, and therefore could not question the tax title, and also that they could not have the deed set aside because they made no offer to refund the taxes paid, were bad on appeal, where not raised by the pleadings or relied on in the court below.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

FRIDAY, APRIL 11, 1902.

SUIT in equity to foreclose a mortgage and to set aside a tax deed on the mortgaged property. From a decree for plaintiff's, defendants appeal.—*Affirmed.*

, *Lohr, Gardner & Lohr* for appellants.

*R. H. Brown* and *Taylor & Burgess* for appellees.

DEEMER, J.—In November, 1893, C. G. Culver & Co., a co-partnership of which C. G. Culver was a member, was indebted to the plaintiffs herein in a large amount. To secure this indebtedness, C. G. Culver and wife, Marie, executed a deed absolute in form, but which was intended as security, covering 120 acres of land in Woodbury county, Iowa. At that time Culver owned but an undivided one-eighth of the property, and the deed was intended to cover that interest. The land had been purchased in the year 1890 by a syndicate composed of ten persons, among whom were Culver, Patrick, Patterson, Jackson, and others. The legal title was in J. H. Culver, as trustees for these various parties. The land was sold for the taxes of the year 1890, T. A. Thompson being the purchaser. One C. M. Swan, who had purchased the Patrick interest in the property, made arrangements, in October, 1894, with Thompson, to purchase the tax certificate, but, finding that his interest was mortgaged for more than it was worth, he turned the matter over to one Melvin Smith, who paid him (Swan) the amount he (Swan) had paid Thompson for the certificate, with $10 additional for services in procuring the same. In 1895 a tax deed was issued to Thompson, and on the same day Thompson quitclaimed the land to Smith. Swan saw to the giving of the notices and the procuration of the deed, and received for his services the fee hitherto mentioned. On July 5, 1895, Smith signed a declaration in trust, reciting that he held title for Jackson, Marie Culver, *et al.;* each and all save Mrs. Culver, who owned the Patrick and Patterson interests, being the original beneficial owners of the land. C.

G. Culver died in 1895, leaving his widow, and a son, Howard F. Culver, defendant herein, surviving. On January 16, 1896, Smith quitclaimed the land to Howard F. Culver, trustee, who now claims to hold title for the beneficiaries under the Smith declaration of trust. Just prior to the time Smith made his declaration of trust, either Culver or his wife paid him $543, being $50 more than he had paid Swan for an assignment of the tax certificate. To preserve their interests, the other members of the original syndicate, who had not parted with their interests, paid their proportion of the original tax, without interest or penalties. To the foreclosure proceedings Mrs. Culver pleaded the Thompson tax deed as an extinguishment of the mortgage. Plaintiffs replied, claiming that Swan was one of the tenants in common of the property when he purchased the certificate from Thompson, and that his purchase amounted to a redemption from the sale, and that Smith, Swan's assignee of the certificate, took no title thereunder; that Mrs. Culver, who signed the deed to plaintiffs, which contained the usual covenants of warranty, in which it is claimed she joined, could not take advantage of her husband's default in paying the taxes, and acquire a tax deed as against the plaintiffs; and that the tax deed was fraudulently procured, for the purpose of divesting the mortgage lien, and lodging the title of C. G. Culver in his wife, free from the mortgage lien; and that the whole proceeding amounted to nothing more than a redemption from the tax sale. No pleading was filed to this reply, and the cause was tried on the issues thus joined, resulting in a decree foreclosing the mortgage and canceling the tax deed.

As will be observed, the only defense to the mortgage is the title acquired under the tax deed, and the validity of that instrument is the sole question before us. It appears that C. G. Culver acted for the now beneficial owners of the property in procuring the tax deed from Smith and Thompson, and ·

it is claimed that the money was furnished him by the pur-
chasers in proportion to their respective interests; that this
arrangement was made after the issuance of the tax deed;
and that Mrs. Culver paid her proportion of the amount from
her own funds. Thompson, who was in no manner connected
with the land, had the right to purchase at the tax sale, and
take a deed for the premises. Smith also could take an as-
signment of the certificate and a deed, provided he did so in
good faith and for his individual benefit. Swan, however,
who had an interest in the property, and was in duty bound
to pay the taxes, could not take either an assignment of the
certificate or a deed for the property. *Lewis v. Ward,* 99 Ill.
525; *Weare v. Van Meter,* 42 Iowa, 128. That Swan was
not, strictly speaking, a co-tenant with the other owners, is
not material. He was nevertheless under a duty to pay the
taxes and by reason of this obligation could not secure a valid
tax title. *Austin v. Barrett,* 44 Iowa, 491; *Thomas v.
Slickle,* 32 Iowa, 71; 2 Desty, Taxation (1st Ed.) page 929,
and cases cited. Swan's purchase of the certificate from
Thompson amounted, then, to a redemption, and Smith, his
assignee, could acquire no greater rights than Swan possessed.
C. G. Culver could not, of course, procure a valid tax title as
against the plaintiffs' mortgage. *Goodrich v. Kimberly,* 48
Conn. 395; *Middletown Sav. Bank v. Bacharach,* 46 Conn.
513; *Avery v. Judd,* 21 Wis. 262; *Fuller v. Hodgden,* 25
Me. 243. While the deed to plaintiffs contained covenants
of warranty in which both Culver and wife joined, still, as it
did not expressly state that the wife was to be bound thereby,
she would not be liable for any breach thereof. Code, sec-
tion 2921; *Moore v. Graves,* 97 Iowa, 4. As she was not
bound by the covenants, no doubt she was not prevented, by
reason thereof, from acquiring a valid tax title. The wife,
however, could not acquire a valid tax title as against her
husband or his co-tenants. *Burns v. Bryne,* 45 Iowa, 285.
We have seen that Swan in fact made redemption of the
property when he paid the money to Thompson, and it is

doubtful if Mrs. Culver could have obtained a valid tax title. However, as she does not claim to have taken title under the tax deed, but through Smith and Thompson, there is no need of pronouncing on this point, and we do not do so. As Swan's purchase amounted to a redemption, the tax title to Thompson was invalid, and plaintiffs are entitled to foreclose unless it be for some of the matters to which we will hereafter refer. Moreover, we are fully convinced, after reading the record, that the whole transaction was a scheme to defraud the plaintiffs, and that what was done simply amounted to a redemption from the sale to Thompson. The evidence convinces us that this is nothing more than a redemption of the property from the tax sale by the original beneficial owners and their grantees and assignees. Thompson had received full compensation for the amount invested by him at the tax sale when he took the deed. Immediately on receiving the deed, he (Thompson) quitclaimed to Smith, and Smith soon after filed the declaration of trust hitherto referred to. Smith received the amount paid by him to Swan, with $50 added, which was undoubtedly intended as compensation for his services; and the beneficial owners under the declaration of trust paid simply their proportion of the taxes. Defendant Howard Culver paid nothing for the conveyance to him, and it is manifest, we think, that Smith did not regard himself as a purchaser of the land from Thompson, or a vender of the property either to the *cestui que* trust or to Howard Culver. This is the only fair conclusion to be drawn from the record.

But it is said that plaintiffs failed to show title to the property, and therefore are not permitted to question the tax title under the rule announced in *Peterborough Sav. Bank v. Des Moines Sav. Bank,* 110 Iowa, 519, and other like cases; and that, having made no offer to reimburse defendants for taxes paid, plaintiffs cannot recover. Neither of these points is raised by the pleadings, nor

were they relied upon in the trial court. This, in itself, is sufficient to dispose of defendant's contentions. But as we find that what defendants did simply amounted to a redemption of the property from tax sale, and as the mortgage simply covers Culver's interest, and as he (Culver) was bound under his mortgage to pay the taxes on that interest, plaintiffs were not obliged to tender anything because of taxes paid. The mortgage is not on the whole property, but upon the Culver one-eighth interest; and plaintiffs are not required to refund any part of the taxes paid thereon.

As to the first point, it may also be added that the case was tried on the theory that Culver at one time owned an undivided one-eighth interest in the property, and plaintiffs are simply seeking to foreclose their mortgage on that interest. It is not a suit for redemption, but an attack upon a tax deed which is set up as against the mortgage foreclosure, in which it is practically conceded that the mortgagee held title, unless that title was divested by the tax deed. As sustaining our conclusions on this branch of the case, see *Adams v. Burdick,* 68 Iowa, 666; *Lynn v. Morse,* 76 Iowa, 665.

The decree is right, and is AFFIRMED.