## C. E. BULL v. KEENAN & SONS, Appellants.

**Appeal:** OBJECTION BELOW: In a suit to set aside a judgment by confession, an objection to the form of the action, in that plaintiff's remedy was at law, cannot be raised for the first time, on appeal.

**Vacation of Judgment by Confession:** DAMAGES: *Attorney fees.* In a suit to set aside a judgment by confession, expenses incurred by the plaintiff in the litigation, as attorney's fees, hotel expenses and loss of time, cannot be recovered as damages.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, DECEMBER 10, 1896.

THIS is a suit in equity to set aside and cancel a judgment rendered by confession in favor of the defendants, against the plaintiff. There was a full

hearing on the merits, and a decree for the plaintiff. Defendants appeal.—*Modified and affirmed.*

*Mitchell & Sloan* for appellants.

*Wherry & Walker* for appellee.

ROTHROCK, C. J.—It appears from the pleadings in the case that in April, 1891, the plaintiff was justly indebted to the defendants in the sum of about six thousand dollars. The defendants were live stock commission merchants in the city of Chicago. The plaintiff was a shipper of live stock to the Chicago market, and the defendants sold the stock for the plaintiff, and the plaintiff made drafts on the defendants for the proceeds of the sales of the shipments. The indebtedness of six thousand dollars occurred by reason of overdrafts drawn by the plaintiff, which the defendants honored and paid. On the twenty-third day of April, 1891, a representative of defendant's came to the home of the plaintiff, for the purpose of collecting the debt. The parties went to Keosauqua, and consulted lawyers. The amount of indebtedness was not in dispute. The exact sum on that day was six thousand, forty-nine dollars and sixty cents. A written confession of judgment for that amount was prepared, and signed by the plaintiff, Bull, and left with the attorneys. After this was done, Bull, and Paris, who represented the defendants, returned to Milton, the home and place of business of Bull, for the purpose of having further negotiations in the way of a settlement and securing payment. An arrangement was made by which Bull and his wife made two promissory notes, of two thousand dollars each, and Bull gave his individual note for the balance of the debt. Paris returned to Chicago, and the confession of judgment was left in the custody of the

attorneys at Keosauqua. The notes executed by Bull and his wife were fully paid when they became due. The individual note of Bull has not been paid. When it became due, it was renewed, by taking it up and giving a new note, and a like renewal was again made. This last renewal note remained unpaid, and the defendants herein caused the confession of judgment to be filed in the office of the clerk of the district court of Van Buren county on the twenty-seventh day of October, 1893, and a judgment was entered for the full amount of the original debt, with interest thereon. Execution was issued on the judgment so entered, and certain persons were garnished on execution. Thereupon the petition in this case was filed, in which the plaintiff averred that the confession of judgment was wrongfully and fraudulently entered, in violation of an express oral agreement that, upon the settlement of the claim by giving the notes, the confession of judgment should have no force or validity. It was prayed in the petition that the judgment be set aside, and decreed to be void and of no effect, and that the defendants be forever enjoined from collecting or attempting to collect the same. The only real issue raised by the answer was a denial of the proposition that the confession of judgment was superseded by the settlement and execution of the notes. Evidence was taken upon this issue, and the court found the fact to be as plaintiff claimed. There is no doubt in our minds that the court correctly determined that question. There is a very decided preponderance of evidence in favor of the plaintiff on this proposition. It consists of the testimony of the plaintiff and of Paris, the representative of the defendants, who made the settlement; and they are strongly corroborated by the fact that a settlement was actually made, and notes taken for the debt.

II.   Counsel have discussed and cited authorities upon the question whether the judgment was void, or voidable, merely, and whether a suit in equity is a proper remedy to pursue.   It is claimed in behalf of defendants, that the proceeding should have been instituted under certain statutory provisions.   We think we are not authorized by the pleadings in the case to determine these questions, because they were not made in the district court.   No objection was made to the form of the action by demurrer, motion or answer.   The defendant did not, by pleading, in any way, present any demand for judgment on the unpaid note in the event that it should be found that the judgment was wrongfully entered.   They filed the note with the clerk at the time the answer was filed, for the use and benefit of the plaintiff. They relied upon the validity of the judgment for a complete defense to the action; and the decree provided that it was without prejudice to any action the defendants might hereafter bring on the note.   It is well understood that an appeal in an equity cause is tried anew in this court on precisely the same issues which were involved in the trial court.   No new issues can be presented in this court.   For aught that appears in this record, the questions discussed by counsel were not presented to the district court, except the issues of fact, as to the unauthorized filing and entering of the judgment.

III.   The plaintiff claimed five hundred dollars as damages for the wrongful acts of the defendants in causing the confession of judgment to be entered and attempting to enforce it.   No items of damages are set out and specified in the petition.   The plaintiff was examined as a witness in relation to his alleged damages.   He enumerated, as damages, lost time in resisting the enforcement of the judgment, hotel bills paid, and attorney's fees expended in contesting the

execution, and for the time lost and expenses paid in attending to the hearing of this case, and for one hundred dollars for the fees of his attorneys for trying this case. The court allowed the full amount of the claim as sworn to by the plaintiff, and rendered judgment against the defendants for two hundred and forty dollars and fifty cents. It is scarcely necessary to say that the plaintiff was not entitled to recover any of the items which he expended in this litigation. The rule in this state is that nothing aside from taxable costs can be recovered in an action. There is nothing in this case within any statutory exception to the rule. The decree of the district court will be reversed so far as the allowance of the damages is involved, and the setting aside of the judgment by confession is affirmed; and, in view of this modification, each party will be taxed with his own costs in this court.—MODIFIED AND AFFIRMED.