PETER WEIS, Appellant, v. MORRIS BROTHERS, JOHN T. HAZEN, *et al.*

**Evidence:** NOTES: *Motive for delivery.* The motive of the maker of a note in delivering the same is immaterial in an action against the sureties thereon.

OBJECTIONS: *Best evidence.* An objection to the introduction in evidence of the record of a mortgage securing the payment of a note in suit, on the ground that it is incompetent because it does not purport to have been made by the maker of the note, and that it shows on its face that it has no materiality or relevancy to the issue, does not raise the objection that the record is secondary evidence.

**Plea and Proof:** CONDITIONAL SURETYSHIP. Where, in an action against sureties on a note, they plead that certain sureties who were to sign had not signed, conversations between the sureties are admissible to show such fact, where plaintiff had knowledge thereof when he took the note.

**Amendment in Trial:** SURPRISE. Defendants are properly allowed, after the evidence is all in, to amend their answer in an action on a note so as to set up that the note had been altered by inserting the figure "8" over the word "ten" in the clause providing for interest on interest due and unpaid, where no claim of surprise is made or continuance asked for.

**Appeal:** FAILURE TO DEMUR: *Objection below.* Where plaintiff objects to the filing of an amendment to an answer on the ground that the evidence was all in, and both parties offer evidence as to the matter in the amendment without objection, and plaintiff moves to take the defense under such amendment from the jury because the evidence was not sufficient to sustain it, and offers instructions as to what must be shown to establish the defense, he cannot, on appeal, first raise the question that the amendment does not set up a good defense. While a failure to demur no longer constitutes a waiver, the first complaint of action below cannot be made on appeal.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, MAY 20, 1897.

ACTION at law upon a promissory note signed by Morris Bros., James Casady, John T. Hazen, R. W. Beebe, W. H. Knepher, F. H. Guanella, and M. Goodwin. The defendants Casady, Hazen, Knepher, and Guanella alone answer. Their answer presents the following defenses: *First*, that after they had signed the note other signatures were procured thereto without their knowledge or consent; *second*, that they signed said note upon the express condition that the same should be signed by John C. Lee, W. B. Reed, and William Fitzgerald, which condition was known to plaintiff, and was not complied with; *third*, that defendants signed the note as sureties for Morris Bros., which fact was known to plaintiff when he took the note, and he, without the consent of the defendants, made a valid and binding contract with the principal, by which the time of payment of the note was extended; *fourth*, that said note was antedated, with plaintiff's knowledge, after it was signed by the defendants; *fifth*, that said note was altered, after its execution and delivery, by the plaintiff, or with his authority. The plaintiff, in substance, denies the allegations of the answers. The cause was tried to the court and a jury, and the court submitted to the jury special interrogatories, which the jury answered, finding that the defendants signed the note upon the condition that the same should be signed by said Lee, Reed, and Fitzgerald; that plaintiff knew, when the note was delivered to him, that the defendants had signed the note on the condition that said Lee, Reed, and Fitzgerald should sign the same; that plaintiff agreed with Morris Bros. to extend the time

of payment of the note, and that such agreement was made without defendant's consent, and as a part of the consideration of a real estate mortgage which was given; that the note, when executed and delivered, provided that past-due interest should draw ten per cent. interest. There was a general verdict in favor of the defendants, and a judgment was entered thereon, from which plaintiff appeals.—*Affirmed.*

*Flickinger Bros.* for appellant.

*Benjamin & Preston* and *Emmet Tinley* for appellees.

KINNE, C. J.—I. Morris was permitted to testify to conversations had between him and his co-defendants, wherein he told them who would sign the note as sureties with them in case they signed it. The evidence was objected to as incompetent and immaterial and hearsay, and the objection overruled, and an exception taken. The ruling was correct. The evidence tended directly to sustain one of the defenses pleaded, and, as there was evidence tending to show that plaintiff had knowledge of these conversations when he accepted the note, it was both competent and material.

II. On cross-examination of Morris, the plaintiff sought to inquire into the good- faith of Morris in delivering the note. The evidence was properly excluded. What Morris' motives may have been was wholly immaterial to the issue.

III. To show a consideration for the claimed extension of time of payment by plaintiff to the makers of the note, the defendants introduced in evidence the record of a mortgage securing the payment of the note in suit. It is now said that the court erred in

admitting this record in evidence, because no foundation had been laid therefor, and because the mortgage did not establish any agreement for an extension of the note. The objection was: "To which mortgage plaintiff objected as incompetent, immaterial, for the reason that it does not purport to have been made by the maker of his note, but by a stranger to the record, and that it shows on its face to have no materiality or relevancy to the issue." It will be observed that the objection is not that the offer of the record was not the best evidence. The objection on the ground of incompetency was not general, but limited to the reasons which were expressly set forth in the objection. We are not to be understood as holding that a general objection to the evidence as incompetent would raise the question that the record was not the best evidence. The question argued, that the record was secondary evidence, and no foundation had been laid therefor, is raised for the first time in this court, and cannot be considered. Evidence of the mortgage was material and relevant, as, in connection with evidence showing that it was taken at plaintiff's instance to secure the note, or so accepted by him, it might furnish a consideration for the extension of the time of payment, if such extension was in fact given.

IV. Complaint is made because the court, after all the evidence was in, permitted the defendants to amend their answer setting up the fact that the note had been altered by inserting the figure 8 over the word "ten" in the clause providing for interest upon interest due and unpaid. No claim is made that the plaintiff was surprised by said amendment. No continuance was asked on account thereof. There is nothing to show that the court exceeded its discretion in permitting the amendment to be filed.

V. It is insisted that the court erred in not directing a verdict for plaintiff on the defense of alteration of the interest clause of the note, and that plaintiff's motion to take that issue from the jury should have been sustained. It may be that the amendment pleading said alteration did not state facts constituting a defense. It did not aver that plaintiff or his agents made the alteration. Nor did it state that said alteration was not made with the defendant's knowledge or consent. Conceding, for the purposes of the argument, that these were necessary allegations, is plaintiff now in a situation to take advantage of such defects? Plaintiff claims that under section 1 of chapter 96 of the Acts of the Twenty-fifth General Assembly he waived no right by not attacking the amendment by demurrer, and may now raise the question as to the sufficiency of the pleading. So much of the act referred to as applies to the question now before us provides that "no pleading shall be held sufficient on account of a failure to demur thereto." We do not think that the statute has any application, in view of the condition of this record. Plaintiff objected to the filing of the amendment because it was the fourth amendment, and because the evidence was all in; not a suggestion, even, that it did not set out a good defense. Both parties offered evidence touching the matters pleaded in the amendment, and no objection was made thereto. Plaintiff moved the court to take that defense from the jury because there was no evidence showing that the alteration was made by the plaintiff after the delivery of the note to him. The motion was overruled and an exception taken. Plaintiff then asked the court to instruct the jury as to what must be shown in order to establish that defense. Nowhere in the entire record is the question made that such defense is not sufficiently pleaded. For the first time,

and in the argument in this court, is it claimed that said amendment did not plead facts sufficient to constitute a defense. A party cannot sit by and make no question in the trial court as to the sufficiency of a pleading, and be heard in this court to object thereto. There is not an exception in the record presenting the question we are now asked to determine. The trial court had no opportunity to pass upon it. This precise question was ruled in *Boyd v. Watson*, 101 Iowa, 214 (70 N. W. Rep. 122), wherein it is said: "It is true that chapter 96, Acts Twenty-fifth General Assembly, provides that no pleading shall be held insufficient on account of a failure to demur thereto; but it does not follow that questions can be presented here not presented to the court below. In a law action we review only assignments of error based upon the action of the lower court. Code, section 3207; *Barnhart v. Farr*, 55 Iowa, 366 (7 N. W. Rep. 644); *Wood v. Whitton*, 66 Iowa, 295 (19 N. W. Rep. 907, and 23 N. W. Rep. 675)." The rule that we will not consider on appeal questions not raised below has been announced in a number of cases. *Moore v. Graves*, 97 Iowa, 4 (65 N. W. Rep. 1009); *Shelley v. Smith*, 97 Iowa, 259 (66 N. W. Rep. 172); *Warren v. Chandler*, 98 Iowa, 237 (67 N. W. Rep. 244).

VI.    Many objections are urged to the instructions given by the court. We need not give them detailed consideration. We have carefully read the instructions, and find them to clearly and correctly state the law applicable to the case.

VII.    There was no error in refusing to sustain plaintiff's motion to take the several defenses from the jury. There was evidence warranting the court in submitting those he did submit to the jury.

VIII.    Misconduct of defendants' counsel in argument to the jury is urged as a ground for reversal. The alleged misconduct is denied in a counter affidavit.

The circumstances are not such as to warrant us in interfering.

IX.   It is said that the special findings have no support in the evidence.   It may be that as to some of the facts found we should not, if sitting as jurors, reach the conclusions that the jury did.   Nevertheless we cannot say that they are so wanting in support in the evidence that we should interfere.

X.   Finally it is said that upon the whole record the cause should be reversed, and that the evidence does not sustain the verdict.   This case was fairly submitted to the jury, under proper instructions, and there is evidence sufficient to sustain the verdict.   We cannot, therefore, set aside the finding.   We do not discover any reversible error in the record.—AFFIRMED.