120   747
138   601

ISAAC BATTLES v. ROBERT ROBERTS, Appellants.

**Drainage Ditch:** NEW ISSUE ON APPEAL.   Where the issue on the trial was the right to maintain a ditch for drainage purposes, a new issue involving the right to maintain an embankment which in high water kept it from flowing in another direction, cannot be considered on appeal.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, MAY 29, 1903.

PLAINTIFF asked that defendant be enjoined from causing surface water to flow over his land upon plaintiff's land otherwise than in accordance with the natural drainage, and defendant by cross-petition asked similar relief as against plaintiff. The trial court granted the relief asked by plaintiff, and refused relief to defendant on his cross-petition.   Defendant appeals.—*Affirmed.*

*N. T. Guernsey* for appellant.

*W. O. Swearingen* and *Bowen, Brockett & Alberson* for appellee.

McCLAIN, J.—Plaintiff in his original petition and amendments thereto makes it appear that he is the owner of eighty acres of land abutting on the west line of Jasper county, and that defendant is the owner of a quarter section of land across the county line in Polk county, the two tracks being separated by a highway on the county line; and the relief asked is that defendant be enjoined from diverting the course of the surface water which had for

many years flowed from the south along the course of a ditch northward through defendant's land, and been discharged eastward across the highway upon plaintiff's land near the north end thereof, and causing it to be discharged by means of a ditch along the south line of defendant's premises, across the highway and upon plaintiff's land, and at the south end of such land. Subsequently it was made to appear by the defendant in his cross-petition that plaintiff was the owner also of an eighty acre tract in Polk county, lying along the county line, south of and adjoining the defendant's land; and defendant asked relief with reference to the discharge of water from plaintiff's Polk county tract northward upon defendant's tract.

It appears that prior to the acquisition of these tracts by the respective owners a ditch had been constructed running northward from about the center of plaintiff's Polk county tract and through defendant's land, and the cross-action of defendant against plaintiff was based on the claim that this ditch threw upon defendant's land water which otherwise would have flowed over the surface in a northeasterly direction from plaintiff's Polk county tract to the south end of his Jasper county tract. But, as the court found against defendant on his cross-petition, it must be assumed, as it is assumed by counsel on each side, that this result was in consequence of a determination by the court that the plaintiff had the right to maintain the ditch carrying the water from his Polk county tract in a northern direction, and discharging it through a continuation of said ditch on defendant's land. The counsel for appellant, who, by the way, did not represent him on the trial in the lower court, now concedes the correctness of the conclusion of the trial court enjoining the maintenance by defendant of the east and west ditch, carrying the water in an easterly direction and discharging it across the highway upon the southern portion of plaintiff's Jasper county land, and also the correctness of the ruling

that defendant was not entitled to relief on his cross-petition against the maintenance by plaintiff of the north and south ditch on his Polk county tract, but claims that the trial court erred in not enjoining the maintenance by plaintiff of an embankment or so-called dam about the middle of his Polk county tract, where the ditch from the south begins, the result of which is to prevent overflow water from passing in a northeasterly direction from that point across the highway and upon the southern end of plaintiff's Jasper county tract, and restrains it in the ditch, so that it flows northward and is discharged into the continuation of the same ditch on defendant's land. The difficulty with this claim is that it is made for the first time in this court. This embankment or dam seems to be in the old bed of a stream running through plaintiff's Polk county land, about the middle thereof, in a northeasterly direction, and there is no doubt in our minds from the evidence that the ditch from the south to the north connects with this bed, and was intended to convey northward the water formerly running in a northeasterly direction along the course of such stream as there may have been at this place. The practical finding of the trial court, which counsel for appellant now concedes to be correct, was that this ditch was properly constructed and maintained, and, if so, we hardly see how appellant is entitled to have the plaintiff enjoined from keeping up such an embankment as to render the ditch effectual for the purpose for which it was constructed. There was no controversy on the trial with reference to the maintenance of the embankment or dam itself, but only with reference to the maintenance of the ditch, and it will not do now to inject into the case a wholly new question, to wit, whether the plaintiff shall be enjoined from maintaining the embankment or dam, which will prevent overflow in times of high water and throw all the surface water northward through the ditch.

Moreover, the evidence tends to show that at various times, and as a part of the maintenance of this north and south ditch, there has been an embankment or dam at the very place where the reconstructed embankment now stands, and we have no question under the evidence but that the maintenance of the ditch itself, which defendant's counsel concedes to be rightful, involved the throwing of the water, which would otherwise have flowed northeasterly along this old channel, into the ditch running northward from the central part of plaintiff's tract. It is not necessary to set out the pleadings; it is enough to say that it appears therefrom without controversy that the case as presented by the counsel representing defendant, on the trial in the lower court was with reference to the right to maintain the north and south ditch, and not with reference to the right to maintain a particular embankment or dam as above specified. Defendant cannot now be allowed to have specific relief, which he did not ask in the pleadings, with reference to the maintenance of this embankment, even though the evidence showed, as we think it does not, that the embankment in itself is a new structure, and not a part of the original ditch as constructed.

Our conclusion is that the decree of the lower court is correct, and it is AFFIRMED.