THE STATE OF IOWA on the Relation of H. F. KUHLE-MEIER, County Attorney, Appellant, v. J. E. RHEIN, County Treasurer, Appellee.

**County depositories:** SELECTION: AUTHORITY OF SUPERVISORS. The statutes relating to a deposit of county funds authorize the county treasurer to select the depositories and not the board of supervisors; but the selection by the treasurer is to be made subject to the approval or disapproval of the board, which is the extent of its authority. So that any attempt by the supervisors to select a depository of county funds in the first instance in disregard of a nomination or appointment made by the treasurer is ineffectual and void, and mandamus will not lie against the treasurer to compel him to approve a bond furnished or to deposit funds in a bank designated by the board.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, OCTOBER 26, 1910.

THE opinion sufficiently states the nature of the case and the material facts.—*Affirmed.*

*H. F. Kuhlemeier,* County Attorney, and *Charles C. Clark,* for appellant.

*Blake & Wilson* and *Tracy & Tracy,* for appellee.

WEAVER, J.—On December 9, 1909, the board of supervisors of Des Moines County being in meeting duly assembled, the defendant, as treasurer of Des Moines County, submitted to it the nomination or appointment of the Merchants' National Bank of Burlington, Iowa, as a suitable depository of the public funds coming into his official possession. The action taken by the board upon such nomination was made of record and appears in the minutes of its proceedings as follows: "J. E. Rhein, county treasurer, presented the appointment of the Merchants' National Bank of Burlington, Iowa, as the depository for the year 1910 of state, county or other funds in his hands, and the same upon motion was approved." On January 21, 1910, the membership and political complexion of the board of supervisors having meantime changed by the retirement of one member and the qualification of another to fill his place, a resolution was presented and adopted by a majority vote to rescind the action taken on December 9, 1909, and to invite the banks of the county to present bids for appointment as depository. Three days later the board by a like vote adopted a resolution, which, after reciting its action of January 21st, and that certain bids for the appointment had been received, proceeds as follows:

Resolved, by the board of supervisors of Des Moines

County, Iowa, that the National State Bank of Burlington, Iowa, be and it is hereby approved as the place of deposit for the county and other funds in the hands of J. E. Rhein as treasurer of said county to the amount of $150,-000.00, said funds to draw interest at the rate of two and five-eights percent per annum of the daily balances and payable at the end of each month according to the offer of said bank, which is hereby referred to and made part hereof; and be it further resolved, that the said J. E. Rhein, treasurer as aforesaid, be and he is hereby instructed to deposit in the said National State Bank all the county and other funds in his hands, provided that said bank shall first file with the county auditor of Des Moines County a bond with sureties to be approved by this board and said treasurer, as provided by section 1457 of the Code of 1897, as amended by chapter 91 of the Acts of the Thirty-Third General Assembly.

Thereafter the National State Bank, relying upon said action by the board of supervisors, and claiming to have been duly appointed depository of the public moneys, presented its bond as such, and the same was by vote of said board ordered approved; but the treasurer refused to recognize the validity of the appointment or to approve the bond. It should also here be said that prior to the action last mentioned the Merchants' National Bank executed its bond as depository under the appointment of the treasurer and action of the board taken December 9, 1909, and the same was filed with the auditor bearing an indorsement of approval by the county treasurer and by the chairman of the board of supervisors, though no record of such approval appears in the minutes of proceedings. On March 31, 1910, this action was begun in the name of the state on the relation of the county attorney, asking that a writ of mandamus issue requiring the treasurer to approve the bond offered by the National State Bank and to deposit in said bank the public funds in his hands to the amount named in the resolution of the board of supervisors. Issue was taken upon the petition, and upon trial

to the court the relief asked was denied, and the plaintiff appeals.

Numerous questions involving the sufficiency of the bond offered by the National State Bank and the regularity and sufficiency of the appointment and qualification of the Merchants' Bank, as well as of other proceedings in connection with the controversy, have been argued by counsel; but our view hereinafter expressed as to the central question involved in this appeal renders it unnecessary that we give any time to their discussion. The fundamental inquiry is whether the board of supervisors is vested with authority, without the cooperation or consent of the treasurer, to select and name a depository bank and to require him to deposit therein the public moneys coming into his hands. The answer thereto depends upon the construction to be given the statute, which provides for the deposit of such moneys elsewhere than in the treasurer's vault. It is the treasurer's duty to receive, safely keep, disburse, and account for all moneys payable to the county. Code, section 482. For the faithful performance of this duty he must give bond. Code, sections 1177-1185. As originally enacted, Code, section 1457, authorized the treasurer to deposit his funds in any bank or banks in the state "when permitted by the board of supervisors by resolution entered of record" to any amount fixed by such resolution; the depository being required to give bond to double the amount of the maximum limit of deposit with sureties approved by the treasurer and the board. This permission or authority was further qualified by the proviso that "nothing done under the provisions of this section shall alter or affect the liability of the treasurer upon his official bond." By chapter 91 of the Acts of the Thirty-Third General Assembly, the section above cited was repealed and another substituted therefor containing the following language:

But the county treasurer shall, with the approval of the board of supervisors as to place of deposit, by resolution entered of record, deposit such funds in any bank or banks in the state to an amount fixed by such resolution, at interest at the rate of at least two percent per annum on ninety percent of the daily balances, payable at the end of each month, all of which shall accrue to the benefit of the general county fund; but before such deposit is made; such bank shall file a bond with sureties to be approved by the treasurer and the board of supervisors in double the amount deposited, conditioned to hold the treasurer harmless from all loss by reason of such deposit or deposits; provided that in cases where an approved surety company's bond is furnished said bond may be accepted in an amount equal to ten percent more than the amount deposited. . . . But nothing done under the provisions of this section shall alter or affect the liability of the treasurer or the sureties of his official bonds.

While the language might have been more specific, it is by no means obscure. It is the treasurer who may or shall make the deposit, and the sole function of the board is to fix the limit of such deposit and to "approve the place" where it is to be made and, with the concurrence of the treasurer, pass upon the sufficiency of the bond offered by the selected depository. Had it been the purpose of the Legislature to empower the board to designate the depository, the easy and the obvious thing was to say so in plain unambiguous terms, as appears to have been done in the Michigan statute construed in *Board v. Munson,* 157 Mich. 505 (122 N. W. 117), and in the Kansas statute referred to in *Bank v. Peck,* 43 Kan. 643 (23 Pac. 1077). A somewhat similar provision is found in the statutes of Minnesota. See *Van Vlissingen v. Board,* 54 Minn. 555 (56 N. W. 251). In each instance the power is in so many words vested in the board, and there is no suggestion that the treasurer is to have any voice in the matter.

But when we turn to our statute it provides that the

treasurer shall deposit the funds, not in a bank or banks designated by the board, but in any bank or banks in the state with the approval of the board "as to the place" or bank where such deposit is proposed to be made. In other words, the treasurer, who is the legal custodian, and as such has given bond, shall name, nominate, or propose the depository of his selection, which nomination shall be subject to the approval of the board. The responsibility is thus in a degree divided, but the initiative, the power to make the selection upon which the board shall pass in approval or disapproval, is given to the treasurer. There are many reasons which could be suggested in support of the reasonableness of this provision; but it is sufficient at this time to say that such is the plain reading of the statute which must govern this case. It is a very common expedient in the making of Constitutions and statutes to vest power to appoint or designate in one officer or board subject to the approval of another officer or board, and, so far as we know, no single instance has ever arisen where it has been held that the officer or body which is given the power of approval only may assume or exercise the power of selection or appointment. To "approve" or give "approval" is in its essential and most obvious meaning to confirm, ratify, sanction, or consent to some act or thing done by another. See Webster's International Dictionary. Also, illustrating in some measure the meaning of "approval" as used in statutes, see *State v. Smith,* 23 Mont. 44 (57 Pac. 449); *Cosner v. Supervisors,* 58 Cal. 274; *Thaw v. Ritchie,* 5 Mackey (D. C.) 200; *Board v. City,* 5 Okl. 82 (48 Pac. 103). To arrive at any other conclusion than we have indicated requires a reading into the statute of much that is neither expressed nor necessarily implied, and to treat, as obscure and ambiguous language which seems to us to be reasonably clear and perspicuous.

So holding, it follows of necessity that the attempt of the board of supervisors to name the depository of the

public funds in disregard of the nomination or appointment of the treasurer was ineffectual and void, and that mandamus will not lie against him to compel the approval of the bond or to deposit public funds in the bank so designated.

As this conclusion is decisive of the appeal and of the case, we do not undertake to consider or pass upon other questions raised upon the record and discussed by counsel.

The decree appealed from is *affirmed*.