GREAT WESTERN ACCIDENT INSURANCE COMPANY, Appellee, v.
P. H. MARTIN et al., Appellants.

**TAXATION:** Corporate Stock—Millage Basis. The shares of stock of a domestic accident and health insurance company should be taxed at the five-mill rate provided by Sec. 1310, Code Supp., 1913, and not on the basis of the tax rate on 25% of value, provided by Sec. 1305, Code Supp., 1913.

**STATUTES:** General Principles. The following principles of statutory construction are recognized:

1. Specific statutes control general statutes on the same subject.

2. Statutes *in pari materia* must be construed as one statute.

3. All provisions of a statute must be given effect, if possible.

4. "Hereinafter," employed in a statute, cannot refer to a *preceding* statute.

5. The plea of unreasonableness can have no weight in the construction of a valid, unambiguous statute.

**APPEAL AND ERROR:** Waiver of Rules. The power of the appellate court to waive its rules for proper assignments, brief points, and arguments, will not be exercised in order to give

consideration to a question of constitutional law upon which the court may surmise that appellant relies.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

### MARCH 24, 1918.

### REHEARING DENIED JUNE 24, 1918.

THIS was a suit in equity to compel the correction of a tax levy. The relief prayed by the appellee was granted, and the defendants appeal.—*Affirmed.*

*Ward C. Henry,* County Attorney, for appellants.

*Carr, Carr & Evans,* for appellee.

SALINGER, J.—I. The trial court changed the assessment to one fixed by Section 1310, Code Supplement, 1913. The sole question is whether it should not, instead, have adopted the tax rate fixed by Section 1305, Code Sup-

1. TAXATION: corporate stock: millage basis.

plement, 1913.

Section 1310 provides, so far as its provisions have any applicability here, that "corporation shares or stocks * * * shall be taxed upon the uniform basis throughout the state of five mills on the dollar of actual valuation," and that this millage tax shall be in lieu of all other taxes upon moneys and credits. The court adopted this rate. If Section 1310 stopped at what we have quoted, the action of the court is right, beyond debate. But the statute adds, "except as otherwise provided." The point for our decision is, therefore, narrowed to whether there is elsewhere a provision that such shares as are involved shall be taxed at some rate other than "five mills on the dollar of actual valuation." No statute has been called to our attention, and we find none, which, in terms, purports to make any change in the taxation of such shares as are before us. The effect of the argument for appellant is that Section 1305 makes the change, by implication. It provides that all property sub-

ject to taxation shall be assessed at 25 per cent of its actual value. It seems to us that Section 1310 is a limitation of the general provision of 1305, and that, therefore, Section 1305 is not an enlargement of 1310. The specific controls the general. The two statutes must be read as if they were one, and provided that all property, except specified shares, should be taxed at 25 per cent of actual value, and that said shares should be taxed at five mills on the dollar. Any other construction violates the rule that nothing enacted shall, if it may be avoided, be made ineffective or useless. On the theory of appellants, Section 1310 need not have been enacted, and has nothing to operate on. If 1305 fixes the tax rate for "all property," and 1310 is no modification, it is impossible to understand why 1310 was passed. If 1305 controls, then 25 per cent of actual value is the rate for *all* property, and it was idle to say in other statutes that *some* property should be taxed at a rate differing from the one fixed in 1305. The only way in which elementary canons of construction can be made effective is by holding, as did the trial court, that, as to the property specified in 1310, that statute controls.

2. STATUTES: general principles.

This conclusion is reinforced by the fact that Section 1310 fixes its own exceptions as to shares; wherefore, the legislature did not intend that other statutes should be looked to for exceptions. Moreover, Section 1310 not only makes its own exceptions, as, for instance, shares of loan and trust companies, but requires that those who desire a definition of the excepted classes shall ascertain, by investigating, how such classes are "hereinafter" defined. Certainly, Section 1310 did not intend that Section 1305 should be looked to. For that statute is not "hereinafter." Certainly, "hereinafter" does not refer to a preceding section.

There is nothing in *Layman v. Iowa Tel. Co.*, 123 Iowa 591, nor in *Morril v. Bentley*, 150 Iowa 677, which has any

bearing upon the claim that Section 1310 does not fix the assessment of such shares as the one in consideration.

II. It may be true that the statute exhibits unfairness. If there were any substantial doubt concerning the legislative intent, fairness and unfairness would enter into determining what construction the statute should have. But if it were ever so clear that Section 1310 works unfairness, it is just as clear that the legislature intended that unfairness, and that no legitimate construction can reach any other result than that these shares shall be assessed at five mills, and no more. This being clear, it becomes immaterial, *on 'the case presented by appellants*, whether fairness demanded of the legislature that it should not thus fix the taxation of such shares. We cannot substitute for a plain legislative enactment what we would deem a fairer law.

We say so much as this in connection with a reference to what is presented on this appeal, because in the *Layman* case, supra, there is found a decision declaring a taxation statute unconstitutional, and, for aught we know, it may have been cited as reinforcing the claim of unfairness. In other words, it may have been in the mind of counsel that the statute is unfairly discriminating to such an extent as to render it unconstitutional. But no such claim is made in assignment, brief point, or argument, unless it be found in the fact that the *Layman* case is cited.

While we have power to waive the rules of presentation, that power is never exercised where the record does not make it clear, in some informal manner, that a certain point not formally presented is being urged against the judgment. Certainly, we should not enlarge upon this for the purpose of considering the constitutionality of a statute. Judicial interference with the legislative arm is avoided whenever it may be done, rather than strained for.

3. APPEAL AND ERROR: waiver of rules.

Reduced to its lowest terms, the record shows that an

assessment of these shares was made at a higher rate than the one which Section 1310 fixes in unmistakable terms, and that the trial court changed the assessment to the one fixed in Section 1310. If we are to reverse its action, we must do so because the court obeyed the statute.

In our opinion, the decree below should be, and it is, therefore,—*Affirmed.*

PRESTON, C. J., LADD, GAYNOR, and STEVENS, JJ., concur.