A. J. WORKMAN et al., Petitioners, v. DISTRICT COURT OF IOWA, Honorable A. B. Lovejoy, Judge, Respondent.

No. 43318.

SEPTEMBER 29, 1936.

REHEARING DENIED JANUARY 15, 1937.

H. J. Swift, Hal W. Byers, and McMartin, Herrick & Langdon, for petitioners.

Thomas H. Tracey, M. M. Cooney, and Parrish, Guthrie, Watters & Colflesh, for respondent.

ALBERT, J.—The question raised under this writ is whether or not the district court of Delaware county had the jurisdiction to make the order hereinafter referred to vacating the judgment and reinstating the case.

The original action involved herein was entitled Iletha Schlumbohm v. the petitioners in this action, and was bottomed on an alleged injury to the plaintiff growing out of an automobile accident. To a full understanding of the question involved herein the following chronology is necessary.

On the 16th day of November, 1932, a petition was filed in the Delaware county district court as above entitled, seeking recovery for personal injuries, and the original notice, about the same time, was placed in the hands of the sheriff. Service was made of said original notice on the defendants in that action on the 17th of August, 1933. On the 10th of December, 1934, the court made an order dismissing said petition and ordering judgment against the plaintiff for costs. On the 7th of August, 1935, an application was made in said matter asking that the aforesaid judgment and order of December 10, 1934, be rescinded, annulled, and set aside, and that the court make an order reinstating said cause without prejudice to the right of any parties. On the same day one of the judges of said court ordered that said application come on for hearing before the court, at the courthouse at Manchester, Delaware county, Iowa, at ten o'clock, A. M., on the 15th day of August, 1935, and further ordered that notice of said hearing be served on the defendants by mailing a copy of said notice to the last known address of each of said defendants, and mailing a copy thereof to the defendants' attorney of record. Attached to said order was a notice of the filing of this application "praying that a certain order entered on the 10th of December 1934 be set aside and held for naught and the cause be reinstated", and advising the defendants in

said action that unless they appeared thereto and objected an order setting aside said dismissal and reinstating said cause as prayed in the petition would be entered. The sheriff of said county made return that in pursuance of said order he mailed a copy of said notice to certain named parties, among others the petitioners herein, Workman and Jarvis, and deposited same in .the U. S. post office at Manchester, first-class postage paid, on the 8th of August, 1935.

On the 21st day of September, 1935, an order was entered in the district court of Delaware county in the aforesaid case of Schlumbohm v. Workman and Jarvis, reciting among other things that "the above-entitled matter came on for hearing on the application of the plaintiff for reinstatement of the cause; that the plaintiff appeared by her attorneys Cooney & Tracey, there being no appearance for the defendants in the matter and no objections filed by said defendants. The court having examined the petition for reinstatement, and having examined the notice of this hearing and return of service thereon, and it appearing that due notice of the time and place of hearing was given and of the order heretofore made, and being fully advised in the premises, finds that the plaintiff has in good faith attempted to make progress and try the above-entitled action, and that the delay in such trial has been due to no fault of the plaintiff, and the plaintiff has shown good cause for delay in prosecuting the same and filed proper affidavits in support of such showing. It is therefore adjudged and decreed that the order entered herein in the above-entitled cause on the 10th of December 1934, dismissing said action and taxing the costs to the plaintiff, be and the same is hereby rescinded, annulled, and set aside, and the said cause of action be and the same is hereby reinstated."

It is to review the action of the court in thus setting aside the order and judgment of December 10, 1934, and reinstating this cause, that this writ of certiorari was issued.

■■■ The original order of December 10, 1934, dismissed said cause under rule 3 of the court rules then in existence in said district court. The third rule provides as follows:

"On the first day of each term of court in each county in this judicial district the clerk of the court shall present to the court a list of all law and equity cases wherein the petition has

been on file more than two years, and all such cases shall be dismissed by the court at the cost of the plaintiff, or plaintiffs, for want of prosecution unless otherwise ordered by the court upon good cause being shown by affidavit for delay in the prosecution of the same.''

It was under and by virtue of this rule that the proceedings were dismissed on the 10th of December, 1934.

We have in numerous cases approved the dismissal of causes under rules similar to this.

The last time we had this question before us was in Hanson v. McCoy, 221 Iowa 523, 266 N. W. 1. The petitioners insist, however, that the court has no power to make a rule which is arbitrary or unreasonable in its operation. With this contention we agree. But we can see nothing in the rule itself that is in any way arbitrary or unreasonable. Some rules are necessary to expedite business in the district courts and we consider the rule in itself not subject to the complaint lodged against it. The requirements of the rule seem to have been literally complied with, and the court made an order by virtue of the rule dismissing the cause and judgment against the plaintiff for costs.

■■■ The power of the court to modify or set aside a judgment, when once entered, is purely statutory. Chapter 552 of the Code provides the procedure to vacate or modify a judgment. The petitioners assert that the conditions in this case did not warrant them in proceeding under said chapter, and that they in fact did not make their application under it, but based it, and relied wholly, on section 10801 of the code, reading as follows:

''The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge.''

The respondents argue that under the return to this writ of certiorari there is nothing to show that the December 1934 term was ended at the time this application was made. With this we do not agree. As we read this record, the December term 1934 of said court was adjourned sine die on the 9th of March 1935, and the next succeeding term of said court was begun in March, and that term was adjourned sine die on the 13th of May. The application herein was made on the following 7th of August.

Hence it is apparent that after the term closed at which the original order of dismissal was made, at least one term of court intervened, which was adjourned sine die before this application was made. Under the former part of said section 10801 this application having not been made during the term at which the order was entered, the court acquired no jurisdiction; but the petitioners, conceding this, say that they are benefited by the subsequent clause in said section because they did make their application before the judge had signed the court record where said order of dismissal was entered. Respondents say that if the district court acquired any jurisdiction to entertain and pass upon this application to set aside and vacate the order of December 10, it must have been by virtue of this clause in the above-quoted statute. Many of our own cases .are cited to us on this general question of vacating and setting aside judgments. We are of the opinion that the petitioners cannot stand alone on the aforesaid section 10801. While this is a general statute giving the court control of its own record, with the right to amend or expunge therefrom, we think it must be read in the light of other provisions of the statute. For instance, this question of setting aside and vacating a judgment is specifically treated in the aforesaid chapter 552 of the Code, and the legislature, having so segregated this subject and made special provisions as to the method and procedure of modifying and vacating judgments, we think it is not controlled alone by the aforesaid general section 10801.

 In the case of McKinney v. McClure, 206 Iowa 285, 220 N. W. 354, there was a general statutory declaration (Code 1924, sec. 6210) "that agricultural lands within the limits of the city shall not be taxed for any city or town purpose." There was also in existence contemporaneous specific statutes under the rule that a tax may be levied "upon all taxable property in such city" (sec. 6043) for purposes of paying the cost of paving arterial highways into and out of the city. We discussed this general question and it was there held that the specific statute modified the contemporaneous general statute. See also Great Western Accident Ins. Co. v. Martin, 183 Iowa 1009, 166 N. W. 705.

That this is the general rule of construction, see 59 C. J. p. 1056, sec. 623, where the rule is announced that it is a fundamental rule that where the general statute, if standing alone,

would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment.

Under these general rules it therefore must follow that in the effort to set aside and vacate this order and judgment of December 10th, the aforesaid section 10801 cannot be considered alone because the subject of vacating and setting aside the judgment is especially provided for in the Code, chapter 552.

It is asserted by the respondents that they are relying wholly on the provisions of said section 10801, and specifically asserted that they are making no claim whatever under chapter 552. They have in no way followed the procedure set out by the provisions of said chapter. Having failed to comply with said provisions the court did not acquire jurisdiction to set aside the order and judgment of December 10th.

The provisions in chapter 552 especially providing for the relief sought in the original proceeding, are controlling and make an exception to the said section 10801, as the petitioner claims relief only under said section 10801, and the court had no right to set the order of December 10th aside.

In short, the petitioners sought relief under one section of the statute (under which they were not entitled thereto) whereas their relief, if they were entitled to any, was controlled wholly by another chapter of the Code, with which they in no way complied.

The petitioners further assert, however, that while a judgment entry was made, the record thereof was not signed by the presiding judge, and they claim some benefit therefrom. In the case of McCoy v. Fire Assn. of Philadelphia, 192 Iowa 453, at page 456, 185 N. W. 101, we discussed this question and said that this statute as to the signature of the judge to the record, when made, is directory only. It follows therefore that the writ issued herein should be sustained.

PARSONS, C. J., and HAMILTON, DONEGAN, STIGER, MITCHELL, and KINTZINGER, JJ., concur.