CHARLES SMITH et al., appellees, v. B. E. NEWELL et al. (members of Polk County Board of Supervisors) and WILLIAM E. McCULLOCH, Polk County Auditor, appellants.

No. 50850.

(Reported in 117 N.W.2d 883)

November 13, 1962.

Hansen, Wheatcraft & Galvin, of Des Moines, for appellants.

Theodore T. Duffield and James A. Lorentzen, both of Des Moines, for appellees.

Peterson, J.—On January 2, 1962, the Sheriff of Polk County submitted the following communication to the County Board:

"To: Polk County Board of Supervisors
From: Wilbur T. Hildreth, Sheriff
I respectfully request ninety-day appointments for the following deputies, who are over seventy years of age: Charles Smith * * * 74; Howard Allgood * * * 72; Charles McKinney * * * 75; Art Egkild * * * 76. Respectfully, Wilbur T. Hildreth."

The Board approved the ninety-day appointments. At the expiration of ninety days, the Sheriff wrote the Board:
"April 3, 1962.
To: Board of Supervisors
From: Wilbur T. Hildreth, Sheriff.

"This is to advise you that I have re-appointed Charles Smith, Charles McKinney and Arthur Egkild as Bailiffs for the period beginning April 1, 1962 to December 31, 1962.

"Also for the re-appointment of Howard R. Allgood, Deputy in Criminal Division. The last several months we have had a series of house burglaries in the rural area which he has been assigned to investigate, along with other criminal cases. He had done a lot of investigating and for him to be relieved of his duties would be the loss of many man hours on these particular cases and would hamper investigation."

The Board refused to approve the appointments, contending the appointees were under compulsory retirement because of their age.

The Board also refused to authorize the County Auditor to certify payment of salaries to the bailiffs and deputy although they all continued to perform their duties.

May 9, 1962, this action was commenced by the three bailiffs and the deputy, for issuance of writ of mandamus against the members of the Board, and against the County Auditor, ordering approval of Sheriff's appointments and payment of salaries.

The trial court ordered issuance of the writ as prayed. Defendants appealed.

We will quote the statutory provisions in the Iowa Code pertaining to the questions involved:

Section "337.7 Bailiffs—appointment—duties. The sheriff shall attend upon the district court of his county, and while it remains in session he shall be allowed the assistance of such number of bailiffs as the judge may direct. They shall be appointed by the sheriff and shall be regarded as deputy sheriffs, for whose acts the sheriff shall be responsible."

Section "341.1 Appointment. Each county auditor, treasurer, recorder, sheriff, county attorney, clerk of the district court, may, with the approval of the board of supervisors, appoint one

or more deputies or assistants, respectively, not holding a county office, for whose acts he shall be responsible. The number of deputies, assistants, and clerks for each office shall be determined by the board of supervisors, and such number together with the approval of each appointment shall be by resolution made of record in the proceedings of such board."

Section "341.2 Certificate of appointment. When any such appointment has been approved by the board of supervisors, the officer making such appointment shall issue in writing a certificate of such appointment, and file the same in the office of the auditor where it shall be kept."

Section "341.4 Qualifications. Each deputy shall be required to give a bond in an amount to be fixed by the officer having the approval of the bond of his principal, with sureties to be approved by such officer. Such bond when approved shall be filed and kept in the office of the auditor. Each deputy shall take the same oath as his principal, which shall be indorsed on the certificate of appointment."

Section "97B.45 Retirement age at sixty-five. * * * A member shall retire from the employment of the employer no later than the first day of the month coinciding with or next following the date he attains the age of seventy, except as otherwise provided in section 97B.46 following."

Section "97B.46 Service after age seventy. A member may, on the request of the employer, remain in the active employ of the employer beyond the date he attains the age of seventy for such period or periods as the employer from time to time shall approve. The member shall retire from the employment of the employer at the end of the last approved period, on the first day of the month next following or coinciding with such date."

I. Appellants' first alleged error is that plaintiffs are in the wrong forum; that petition for writ of mandamus does not reach the alleged wrong.

Appellees answered contending that appellants did not raise, plead or argue this question in the District Court trial, and cannot present it here for the first time.

The record discloses appellees are correct. The question was not referred to in defendants' answer, nor in the stipulation

as to matters to be tried. It was not decided or touched upon by the Trial Court in its findings of fact and conclusions of law, nor in the Decree. We therefore cannot give it any extended consideration here. Bull v. Keenan & Sons, 100 Iowa 144, 69 N.W. 433; Weis v. Morris, 102 Iowa 327, 71 N.W. 208; Battles v. Roberts, 120 Iowa 747, 95 N.W. 247; Conkling v. Standard Oil Co., 138 Iowa 596, 600, 116 N.W. 822, 824; In re Estate of Sarbaugh, 231 Iowa 320, 324, 1 N.W.2d 105, 107; Bates v. Bates, 237 Iowa 1408, 24 N.W.2d 460; In re Disbarment of Meldrum, 243 Iowa 777, 51 N.W.2d 881.

Also see State ex rel. Kuhlemeier v. Rhein, 149 Iowa 76, 127 N.W. 1079, a case analogous to case at bar as to legal questions involved. Mandamus was involved in the case.

Conkling v. Standard Oil Co., supra, quoted in Sarbaugh estate case, supra, states: "Moreover, the case must be considered in this court following the line of the theory on which it was tried in the court below; and this we feel constrained to say, although the point is not made by counsel for appellee. In justice to the trial court, if on no other ground, we will not permit a party to mend his hold after coming into this court, and seek to advantage himself on grounds not suggested on the trial below."

In their reply brief and argument appellants contend they raised the question by inference from some allegations in their answer. This is not sufficient. If they desired to raise it as a defense, they should clearly say so.

Suffice to say it is our opinion plaintiffs are in the correct forum.

II. Appellants contend the Sheriff is not the employer, as contemplated by section 97B.46.

Section 337.7 specifically provides the Sheriff shall appoint his bailiffs. They are responsible to him, and he is responsible for their work. The Board of Supervisors have no control over them. Only the Sheriff can discharge them.

Section 341.1, supra, states in part: "Each * * * sheriff * * * may, with the approval of the board of supervisors, appoint one or more deputies * * * for whose acts he shall be responsible."

The intention of the legislature in the use of the word

"employer" was to denominate the person who hired the employee, and to whom he was responsible, as the person with authority to extend the period of service beyond seventy years. There is no legislative language establishing the Board as the employer. Again see State ex rel. Kuhlemeier v. Rhein, supra.

III. We will consider plaintiffs in two categories. 1st. The Bailiffs, plaintiffs Smith, Egkild and McKinney. 2d. Plaintiff Deputy Sheriff Allgood, in charge of criminal affairs.

IV. Section 337.7, supra, pertains to bailiffs only. It provides for their appointment by the sheriff, and contains no provision for approval by the Board of Supervisors. The appointment of such three plaintiffs as bailiffs, when made by the Sheriff was final and complete. He carefully followed the provisions of section 97B.46 as to the matter of their ages. The Board's refusal to approve, and the County Auditor's refusal to certify payment of their salaries, had no legal effect.

Section 337.7 is a specific statute. Section 341.1 is a general statute pertaining to all county officers and their deputies.

Where there is conflict or ambiguity between a specific statute and a general statute, the provisions of the specific section control. Great Western Accident Ins. Co. v. Martin, 183 Iowa 1009, 166 N.W. 705; McKinney v. McClure, 206 Iowa 285, 220 N.W. 354; Workman v. District Court, 222 Iowa 364, 269 N.W. 27; State ex rel. Weede v. Iowa Southern Utilities Co., 231 Iowa 784, 2 N.W.2d 372; 50 Am. Jur., Statutes, section 367, page 371; 82 C. J. S., Statutes, section 347b, page 720.

Three Judges of the District Court of Polk County wrote strong and laudatory letters to the Sheriff as to the services of the three bailiffs and recommended their retention. These letters are part of the record.

In Workman v. District Court, supra, at pages 368, 369 of 222 Iowa, this court said: "* * * it is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment."

In 50 Am. Jur., Statutes, supra, as a composite statement

from many jurisdictions, appears the following statement: "It is an old and familiar principle * * * that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision."

After discussing a general and specific statute in Great Western Accident Insurance Co. v. Martin, supra, this court said: "The specific controls the general."

V. We will consider the status of plaintiff Deputy Sheriff Allgood. Taking all pertinent statutory sections into consideration, we arrive at the intention of the legislature as to the respective authority of the Sheriff and the Board.

We have assistance from this court's opinion, written by Judge Weaver, in State ex rel. Kuhlemeier v. Rhein, supra.

In the Rhein case the County Treasurer selected a bank for deposit of county funds. The Board selected another bank. The court held the bank selected by the treasurer was entitled to the funds. The opinion stated the Board had no power of selection under the statute. Preservation of the money of the county was primarily the responsibility of the treasurer.

In the case at bar it is the responsibility of the Sheriff to keep the peace in the county, and to employ deputies who will properly assist him. This responsibility does not rest in the Board, nor any member thereof.

In granting to the Sheriff and other County Officers the power to appoint deputies, bailiffs and other employees it was the intention of the legislature that the elected Sheriff could secure, as deputies, able and loyal people for public service.

In stating that such appointments were subject to approval of the Board of Supervisors, it was also the legislative intent that common sense would be used by the Board. In approving or failing to approve, the Board could not reject an appointee on frivolous, trivial, minimal, arbitrary or capricious grounds. For example they could not reject the Sheriff's appointments because they did not like the color of the hair of the appointee, nor be-

cause of his politics, religious affiliation, nor age, unless the matter of age was contrary to statute.

 In the instant case they withheld approval on the one ground of age. This reason, as far as the Board was concerned, had no basis in the statute. The Board used only section 97B.45, and refused to give attention to section 97B.46. Section 97B.46 is as much a part of the legislative enactment as the previous section. When some employer, and head of a department, has an employee who is past seventy years of age, and still healthy and fully capable of performing his duties, the legislature, in its wisdom, provided a method to retain the usually very valuable services of such employee.

As to Deputy Sheriff Allgood, a specialist in the criminal division, the Sheriff outlined the importance of his work. On this basis the Sheriff recommended his retention, as he had a right to do under section 97B.46. The Board's reason for rejection was trivial and arbitrary, and not effective. See: A. G. O. August 16, 1961; A. G. O. March 2, 1962. They pertain directly to matters involved in the case at bar, and sustain the position taken by the trial court.

The decree of the trial court for issuance of Writ of Mandamus as to the Board of Supervisors and the members thereof, and as to the County Auditor was correct, and is affirmed.—Affirmed.

GARFIELD, C. J., and HAYS, LARSON and THORNTON, JJ., concur.

SNELL and THOMPSON, JJ., concur specially.

MOORE and STUART, JJ., take no part.

SNELL, J. (concurring specially)—I concur in the result but am fearful that conclusions or at least inferences, neither intended nor required by the opinion, may be drawn by casual reading.

Court bailiffs are by statute "regarded as deputy sheriffs, for whose acts the sheriff shall be responsible." If bailiffs are to be regarded as deputy sheriffs their appointment and service is governed by the same procedure. Section 337.7, Code of Iowa.

The sheriff may also appoint deputies under section 341.1. In each instance the persons so appointed are responsible to the sheriff.

The number of bailiffs is controlled by the Judge. Section 337.7. Otherwise, the number of deputies is controlled by the board of supervisors. Section 341.1. In this statute the words "with the approval", referring to the board of supervisors, appear twice. I think they apply to original appointments. The board may not act arbitrarily or capriciously but it may establish standards and within those standards veto appointments.

State ex rel. Kuhlemeier v. Rhein relied on by the majority is not authority for the proposition that an elected officer may make appointments in disregard of the board. In that case the county treasurer designated a depository. The designation was approved.

Subsequently, the board attempted to rescind its approval and make its own designation. The case holds that the board does not have an original power of designation. It does not hold that the board has no power of veto.

I agree that the board has no power to discharge a deputy. That power is in the principal, i.e., the sheriff. In the instant case the board is attempting to terminate appointments. There is no authority for such action.

Chapter 97B of the Code establishes a retirement system, provides for its administration and the payment of benefits upon retirement thereunder. It has nothing to do with the original power of appointment or discharge.

Section 97B.46 provides that a member of the system may, on the request of the employer, remain in service after attaining the age of 70 years. The plaintiffs in the instant case were in service by proper appointment. The sheriff, who by statute is their responsible principal, asked that they remain in service. This was within his authority under section 97B.46.

I would so limit our holding.

THOMPSON, J., joins in special concurrence.