Mary McMURRY, as clerk of District Court of Lee County, Iowa, Appellee,

v.

BOARD OF SUPERVISORS OF LEE COUNTY, Iowa, and Kenneth Howell, Darlene Morrison, and Adrian Brinck, as Supervisors of Lee County, Iowa, Appellants.

No. 59828.

Supreme Court of Iowa.

Jan. 18, 1978.

Meardon, Sueppel, Downer & Hayes, Iowa City, for appellants.

Anderson & McMurray, Keokuk, for appellee.

Before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves the validity of resolutions by a board of supervisors relating to personnel matters in another elective county office.

In 1972 the Lee County Board of Supervisors approved the appointment by the Lee County Clerk of Court of Kathryn Ludden as deputy clerk. Prior to March 1, 1976, Ludden gave notice of her intention to retire on that date. Also prior to that date the clerk, plaintiff Mary McMurry, submitted to the board the appointment of Betty Schroeder, who had not then served for two years in the clerk's office, as Ludden's successor.

The board of supervisors thereupon adopted several resolutions which, so far as we are now concerned,

1. Set two-years employment experience as a prerequisite for deputies, and set beginning deputies' salaries at 60% of the principals' salaries with 5% annual raises to a maximum of 70% of principals' salaries;

2. Disapproved the Schroeder appointment for noncompliance with paragraph 1;

3. Terminated Ludden's appointment as of March 1, 1976; and

4. For all county employees, prescribed (a) paid vacations after specified service (after 1 year, 1 week; 2 years, 2 weeks; 7 years, 3 weeks; 14 years, 4 weeks; and 21 years, 5 weeks), (b) sick

leave (2½ days per month to a maximum of 90 days), and (c) time sheets by department heads to be deposited with the auditor for each pay period.

By certiorari McMurry challenged these resolutions, and the trial court held them to be invalid. The board appealed.

I. The board appears to have proceeded as though our system of county government consisted of central management with subsidiary departments. With few exceptions, however, our statutes establish autonomous county offices, each under an elected head.

■ We start with the proposition that "boards of supervisors of a county have only such powers as are expressly conferred by statute or necessarily implied from the power so conferred." *Mandicino v. Kelly,* 158 N.W.2d 754, 760 (Iowa). We then turn to the statutes of which the following excerpts from the Code of 1975 are relevant to our inquiry, first from chapter 332 on boards of supervisors:

§ 332.3. ·The board of supervisors at any regular meeting shall have power:

. . .

2. To make such rules not inconsistent with law, as it may deem necessary for its own government, the transaction of business, and the preservation of order.

. . .

6. To represent its county and have the care and management of the property and business thereof in all cases where no other provision is made. . . .

10. To fix the compensation for all services of county and township officers not otherwise provided by law, and to provide for the payment of the same.

. . .

Next from chapter 340 on compensation of county officers, deputies, and clerks:

§ 340.4. The first and second deputies and the deputy in charge of the motor vehicle registration and title department, may be paid an amount not to exceed eighty percent of the amount of the annual salary of his or her principal. In counties where more than two deputies are required, deputies in excess of two may be paid an amount not to exceed seventy-five percent of the annual salary of his or her principal. Upon certification to the board of supervisors by the elected official concerned, the amount of the annual salary for each deputy as above provided, the board of supervisors shall certify to the county auditor of any such county the annual salary certified by the elected officials, but in no event shall said board of supervisors be required to certify to the auditor of any such county an amount in excess of the amounts authorized above. The board of supervisors shall fix all compensation for extra help and clerks.

And finally from chapter 341 on deputy officers, assistants, and clerks:

§ 341.1. Each county auditor, treasurer, recorder, sheriff, county attorney, clerk of the district court, may, with the approval of the board of supervisors, appoint one or more deputies or assistants, respectively, not holding a county office, for whose acts he shall be responsible. The number of deputies, assistants, and clerks for each office shall be determined by the board of supervisors, and such number together with the approval of each appointment shall be by resolution made of record in the proceedings of such board.

§ 341.3. Any certificate of appointment may be revoked in writing at any time by the officer making the appointment, which revocation shall be filed and kept in the office of the auditor.

This court dealt with these statutes in several opinions, including *Smith v. Newell,* 254 Iowa 496, 117 N.W.2d 883, and *Sorenson v. Andrews,* 221 Iowa 44, 264 N.W. 562. The Attorney General also ruled on them several times, including Rep. Iowa Atty. Gen. 246, 247 (1928); Rep. Iowa Atty.Gen. 1 (1932); Rep. Iowa Atty.Gen. 149, 150 (1936); Rep. Iowa Atty.Gen. 381 (1940) (opinion 3); Rep. Iowa Atty.Gen. 29, 30 (1942); Rep. Iowa Atty.Gen. 78, 79 (1950); Rep. Iowa Atty.Gen. 111, 112 (1950); Rep. Iowa Atty. Gen. 37, 38 (1952); Rep. ·Iowa Atty.Gen. 158, 159 (1962); Rep. Iowa Atty.Gen. 77

(1964); Rep. Iowa Atty.Gen. 118, 119 (1964); Rep. Iowa Atty.Gen. 110, 111 (1966); Rep. Iowa Atty.Gen. 614, 615 (1968); Rep. Iowa Atty.Gen. 1 (1972); Rep. Iowa Atty.Gen. 65, 66 (1976); and Rep. Iowa Atty.Gen. 842, 844 (1976). In general, these opinions and rulings state that authority over personnel matters relating to deputies resides with the elected principals unless a statute expressly gives authority to the board.

■ The first three parts of the board's resolutions, as we have summarized them, deal with Schroeder and Ludden as deputies of the clerk of court. The part of our paragraph numbered 1 dealing with the amount of a deputy's salary is contrary to § 340.4, while the part imposing a general rule of two-years service goes beyond the board's approval authority on specific appointments, in light of *Smith v. Newell,* supra. The resolution summarized in our paragraph 1 is therefore invalid.

■ As a result, the board's basis for disapproving appointment of Schroeder is not valid (our paragraph numbered 2). The clerk may therefore re-submit to the board the appointment of Schroeder or may submit the appointment of someone else, for board approval or disapproval. Consequently, our paragraph numbered 3 need not be considered, although we note that under § 341.3 the elected principal rather than the board has authority to terminate approved appointments. In approving or disapproving the clerk's appointments of deputies, the board should have in mind the admonition in *Smith v. Newell,* supra, 254 Iowa at 502–503, 117 N.W.2d at 887:

> In stating that such appointments were subject to approval of the Board of Supervisors, it was also the legislative intent that common sense would be used by the Board. In approving or failing to approve the Board could not reject an appointee on frivolous, trivial, minimal, arbitrary or capricious grounds. For example they could not reject the Sheriff's appointments because they did not like the color of the hair of the appointee, nor because of his politics, religious affiliation, nor age, unless the matter of age was contrary to statute.

■ As to our paragraph numbered 4, the first portion of § 340.4, our quotation from *Mandicino v. Kelly,* and the rationale of *Smith v. Newell* mandate a holding that the board's resolution exceeded its statutory authority as to deputies. Hence the resolution is invalid as to deputies in general and as to Schroeder in particular. We find it valid, however, as to personnel in county offices other than the principal and deputies by virtue of § 332.3(10) and the last sentence of § 340.4: "The board of supervisors shall fix all compensation for extra help and clerks." In dealing with vacations, sick leave, and time sheets, as distinguished from the specific tasks the employees are to perform in the respective offices, the board is dealing with the package known as "compensation." See *Woodcock v. Dick,* 36 Cal.2d 146, 222 P.2d 667. This part of the resolution in our paragraph 4 we uphold.

■ II. The board contends that the new Public Employment Relations Act cuts across the statutes we have quoted, as the Public Employment Relations Board has included most deputies with "county employees" for bargaining purposes in its ruling in PERB Case No. 831, Nov. 24, 1976. We have examined that act, Code 1975, ch. 20, as well as that ruling. See also Code 1977, ch. 340A. We cannot find an intent in that act to amend or repeal preexisting statutes by implication. The PER act and the preexisting statutes can be read together; hence the act does not necessarily repeal those statutes. Repeals by implication are not favored. *Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co.,* 165 N.W.2d 771 (Iowa). We incline to think that if the legislature had intended to nullify the quoted statutes it would have done so expressly and we thus reject the present contention of the board. We express no opinion of course on the ruling in PERB Case No. 831. Cf. 67 G.A. (Extra Sess.) ch. 1, §§ 1, 27.

We uphold the judgment except as to the part of our paragraph numbered 4 which we have found valid.

MODIFIED AND AFFIRMED.