## STEWART v. YELLOWTAIL.
### No. 166–Civ.

District Court, D. Montana.

Oct. 4, 1940.

Thomas H. Burke, of Billings, Mont., for plaintiff.

John B. Tansil, U. S. Atty., and Roy F. Allan, Asst. U. S. Atty., both of Billings, Mont., for defendant.

PRAY, District Judge.

This suit seeks to restrain the defendant, as superintendent of the Crow Indian Reservation, from including the lands described in the complaint within any general lease under the so-called "unit system," and to obtain a mandatory injunction requiring defendant to approve the lease in question.

The lands sought to be leased were allotted to the plaintiff, a noncompetent Crow Indian, pursuant to the Act of June 4, 1920, 41 Stat. 751, and which remain restricted against alienation under a trust patent issued to plaintiff. The restrictions imposed were modified by the Act of May 26, 1926, 44 Stat. 658, 659, to allow adult noncompetent allottees to lease their allotments for farming and grazing purposes with the approval of the superintendent of the reservation. A hearing was held on the order to show cause why a temporary injunction should not issue and the return, and motion to dismiss was filed by the defendant.

In the third paragraph of defendant's motion to dismiss it is alleged that the exercise of the power to approve a lease, such as the one in question, is by the Act of May 26, 1926, 44 Stat. 658, as amended by the Act of March 3rd, 1927, 44 Stat. 1365, made a discretionary act with the superintendent of the Crow Indian Reservation and is not subject to control by this court, and that the approval of such a lease is an administrative matter for the determination of the superintendent and a review of his reason for refusing approval thereof is not a proper judicial function that comes within the jurisdiction of this court, and that the request for a mandatory injunction is an attempt to obtain relief by mandamus and not within the jurisdiction of this court. Plaintiff shows that under a proper state of facts such relief might be granted, but here defendant claims that the thing sought to be attained, that is, the approval or disapproval of the lease has already been accomplished by disapproval. In a letter to plaintiff, received in evidence, defendant said: "It is therefore apparent that I will be unable to approve your lease. Your lease is therefore returned to you." The court can see no good reason why this language should not be construed as tantamount to a disapproval. If he had authority to act, then should not his act be accepted as a disapproval; if he had no authority, then his letter fully advised the plaintiff why he believed he could not approve the lease. In either event the defendant evidently acted according to his best judgment and discretion in the matter, and

it would appear to be a useless thing, if authorized, for the court to require him to do it over again. Besides, it appears from the evidence that there are new rules and regulations in existence governing the present situation which are not in evidence, which the defendant and the Forester seem to think would control their actions in a matter of this kind. The court could not very well declare such rules and regulations a nullity without reading them and examining the statute or statutes upon which they purport to be based. In this regard it would appear that counsel is dealing with certain material administrative details about which there seems to be little definite information. The Forester testified that authority to act was based solely on the regulations, but that he did not have them there, saying: "These are the old regulations, not that new act they are getting out—the new regulations. I haven't got them." So it appears there are new rules and regulations prepared by the Secretary or the Commissioner, under the former's direction, but they do not appear in evidence. In order to test their validity should not the Secretary and Commissioner have been joined as parties defendant? If the power to act rested solely with the defendant, plaintiff has cited authority indicating that it would not be necessary to join the others.

■ Under the rules as applicable to the facts disclosed it does not appear that defendant has threatened the plaintiff with harm which will result in irreparable injury. Counsel for both sides seem to agree that defendant has authority to act and, as the court has indicated he has already acted; unless the court is in error, there appears to be no ground for injunctive relief or the issuance of mandatory process to compel the performance of an act already performed, for if defendant had authority it would be discretional with him in the exercise of his best judgment whether the lease should be approved or disapproved. In the circumstances existing in this case, there appears to be no valid reason why the court should interfere with the ordinary administrative duties of the defendant as superintendent of the Crow Indian Reservation, and furthermore, it does not seem to be material what reason the defendant gave for his disapproval of the lease.

In his reply brief counsel for plaintiff takes the position that the court should make an order requiring the defendant "to exercise his judgment and discretion in the matter of the approval or disapproval" of the plaintiff's lease. As the court has indicated the defendant has already disapproved the lease. Here are words of similar import: "Disapprove", "Disallow", "Disaffirm". To "disapprove" is to reject, and there can be no question that the lease was rejected. (Webster's Dict.) A disapproval is also indicated by an objection. 18 C.J. 1048. A "disaffirmance" may be either expressed or implied. 1 Bouv. Law Dict., Rawle's Third Revision, p. 876. To "disallow" is defined to mean to refuse to allow, to deny the validity of, to disown or reject. (Webster's Dict.)

To "approve" is in its essential and most obvious meaning to confirm, ratify, sanction, or consent to some act or thing done by another. State v. Rhein, 149 Iowa 76, 127 N.W. 1079. Obviously to "disapprove" would be to refuse to confirm, ratify, sanction or consent to some act or thing done by another.

In the court's opinion counsel has correctly stated the issue involved here, and the court has held that in the letters written to the plaintiff by the defendant returning the lease the latter has disapproved the lease, and such is the decision of the court, and therefore the motion to dismiss is hereby granted.